Per Curiam.

The need to bring repeated summary proceedings for nonpayment of rent establishes prima facie a violation of the substantial obligation to pay the rent when due, even though, by reason of payment after the proceedings have been begun, they do not eventuate in final orders in favor of the landlord (Stern v. Harrold, 12 Misc 2d 73). The requirement of a 10-day notice to cure under section 52 of the State Rent and Eviction Regulations is inapplicable to the violation here involved (974 Realty Corp. v. Ledford, 9 Misc 2d 240 and cases there cited).
The final order should be reversed, with $30 costs, and final order directed in favor of landlord as prayed for in petition, with costs.
Hecht and Aurelio, JJ., concur; Hopstadter, J. P., concurs for reversal but dissents from direction of final order and votes for a new trial.
Final order reversed, etc.