Harold J. Silbermann, J.
This is a summary proceeding brought by the petitioners landlords under subdivisions b and f of section 52 of the Rent, Eviction and Rehabilitation Regulations of the City Rent and Rehabilitation Administration and the Local Emergency Rent Control Act.
The building known as 2125 Cruger Avenue, Bronx, New York, is a rent controlled residential apartment house. The tenant Bernard Kleinert entered into occupancy of apartment 6-L on or about August 1, 1953, pursuant to a written lease which terminated on July 31, 1955. He has continued to reside therein with his family under the expired lease, as a rent'law protected tenant.
In December, of 1961, the local rent office granted landlord permission to charge an additional $3 per month rent because of installation of new electrical wiring.
It is apparent to this court that the allowance of additional rent triggered a series of events which has culminated in this proceeding. During the month of December, 1961, after the landlord had obtained the $3 increase in rent, tenant for the first time questioned the legality of the maximum rent set *495 forth in the lease. At that time the tenant claimed that the maximum rent under the lease was obtained by fraud, misrepresentation and forgery. These various claims were submitted to the State Rent Administrator who decided in favor of the landlord. Tenant’s protest was disallowed and he then brought an article 78 proceeding. After a hearing the court decided that the tenant’s claims were unfounded and dismissed the proceedings. Reargument was denied. The Appellate Division dismissed the appeal. All of these proceedings terminated in March, of 1963, at which time tenant set out on a course to harass and embarrass the landlord. On eight separate occasions the landlord has been required to dispossess tenant for nonpayment of rent although there was no claim of financial inability as in the case of Weil v. Chandler (38 Misc 2d 58). Numerous complaints were made by tenant to the Rent Administrator complaining that the landlord failed to make repairs. Each complaint was disallowed when it was determined that the failure to make repairs was due to tenant’s refusal to grant landlord access to the apartment to make the repairs. Testimony was elicited that tenant offered to remove from the premises and stop his harassment of landlord if ‘ ‘ the landlord would buy him a cooperative apartment he would put an end to all the trouble and harassment.” Significantly tenant did not deny that this conversation had taken place. In this very proceeding tenant was granted several months adjournment upon condition that the current rent be paid without prejudice. The tenant failed to abide by this stipulation and at the trial herein owed three months’ rent which was paid by check at the trial. The record establishes that tenant’s conduct was a clearly calculated scheme to harass the landlord in violation of subdivision f of section 52 of the Rent, Eviction and Rehabilitation Regulations of the City Rent and Rehabilitation Administration (see, also, Stern v. Carroll, 28 Misc 2d 507; Zalaznick v. Imbembo, 35 Misc 2d 164).
Final order is directed for the landlord with a stay until June 30, 1967.