OPINION OF THE COURT

Per Curiam.

Final judgment entered June 1,1982 modified by permanently staying execution of the warrant until the further order. of this court and, as modified, affirmed, without costs.
The evidence of record substantially supports the Housing Court’s findings that tenant breached a substantial obligation of his residential lease by using his dwelling unit predominantly for business purposes, and that the condition was not cured within the time specified in the notice to cure. However, a recent amendment to RPAPL 753, enacted subsequent to the entry of final judgment below, has direct relevance here. The statute now provides *521 that where a holdover summary proceeding is based upon a claim that the lessee has breached a provision of the lease, “the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach” (L 1982, ch 870, eff July 29, 1982). Thus to avoid needless and unwarranted forfeitures of dwelling space, tenants are to be afforded a final opportunity to cure after they have been adjudged in breach of the lease — presumably on the theory that the ultimate goal of holdover proceedings of this type should be cure of the condition complained of, not eviction of a rent-regulated tenant.
It is uncontroverted that tenant removed his business operations to another location on or about March 6, 1982, or even prior to the trial of this proceeding. As of trial, tenant testified, without contradiction, that he was living at the subject premises and that all commercial activities had ceased; landlord’s witness did not dispute this. A remedial amendment such as chapter 870 of the Laws of 1982 is ordinarily applied to procedural steps in pending actions (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54), and it may validly be applied with respect to the warrant in cases still in the appellate process, though final judgment was rendered prior to the act’s effective date. Retroactive application of remedial housing legislation is preferred so that tenants in possession will be safeguarded from eviction (Tegreh Realty Corp. v Joyce, 88 AD2d 820; Gordon & Gordon v Madavin, Ltd., 108 Misc 2d 349, affd 85 AD2d 937). Accordingly, while we affirm the final judgment in petitioner’s favor, execution of the warrant shall be permanently stayed, the tenant having cured the condition alleged in the notice to cure.
Hughes, J. P., Riccobono and Sullivan, JJ., concur.