OPINION OF THE COURT
Elliott Wilk, J.
This is a commercial holdover proceeding. Landlord alleges that tenant’s exercise of its option to renew is a nullity and, alternatively, that tenant has violated a substantial obligation of its lease.
Tenant has occupied the premises, a parking garage, pursuant to a lease running from November 1, 1976, through September 30, 1981. The lease contains a clause providing tenant with an option to renew for an additional period. Tenant’s attempt to exercise its option to renew was rejected by landlord because of tenant’s repeated failure to make timely rent payments. Landlord also claims that tenant’s failure to make timely rent payments constitutes a material violation of the lease which provides a separate ground for termination of the lease.
Tenant seeks to introduce evidence at trial showing that landlord has breached its obligation to repair the premises. Tenant offers to prove that it has been unable to use at *411 least 30% of the space for the purpose for which it was rented. As a result, claims tenant, it has, intermittently, been unable to realize a sufficient income with which to pay rent in a timely fashion. Landlord objects to the introduction of this evidence.
Landlord’s objection is initially premised on tenant’s failure to plead this defense. Tenant’s attempt to introduce this evidence under the general denial pleaded must fail. It is clearly an affirmative defense as it raises issues of fact not appearing on the face of the complaint and must therefore be pleaded separately. (CPLR 3018, subd [b].) However, tenant has moved in the alternative for permission to amend its answer. A party may move for leave to amend its pleadings at any time (CPLR 3025, subd [b]), and, in the absence of surprise or undue prejudice, leave should be freely granted. (Schanbarger v Baker, 75 AD2d 964; De Forte v Allstate Ins. Co., 66 AD2d 1028.) There is no surprise or prejudice here. Landlord is aware of the substance of tenant’s affirmative defense because tenant has sued landlord under the same theory in a related Supreme Court action.
Landlord further claims that tenant’s proposed defense is not cognizable as a matter of law. If the defense sought to be added lacks merit, amendment would be pointless, and leave should be denied. (Sharapata v Town of Islip, 82 AD2d 350, 362.) We must, therefore, consider whether the proposed defense has merit.
Traditionally, a landlord’s covenant to repair and a tenant’s covenant to pay rent were considered to be independent. (See Baldwin v Cohen, 132 App Div 87; 2 Rasch, NY Landlord & Tenant [2d ed], Summary Proceedings, § 586.) Accordingly, the landlord’s failure to repair was held not to be a defense to an action for rent. (Goelet v Goldstein, 229 App Div 456.) This view is clearly no longer valid with respect to residential leases. (Real Property Law, § 235-b; Park West Mgt. Corp. v Mitchell, 47 NY2d 316, cert den 444 US 992.)
Landlord suggests that the traditional view still holds in the commercial setting. (See Rockefeller Center v La Parfumerie Marco Corp., NYLJ, July 6, 1981, p 5, col 1 [App Term, 1st Dept].)
*412 It is not necessary to reach that issue in this case. This proceeding is not for nonpayment of rent. Tenant has paid and remains willing to pay its rent. Tenant’s claim is that landlord’s breach prevented it from making timely rent payments and that this is a cognizable defense to landlord’s holdover petition.
While the relic of an independent covenant to pay rent for commercial premises may have survived from feudal times, it is now widely recognized that a lease is more than a conveyance of an interest in property; it is also a contract between landlord and tenant. (Geraci v Jenrette, 41 NY2d 660, 665.) The rules of contract law are therefore helpful in determining what defenses are available in a suit for breach of the tenant’s obligations. (See Laub v Genway Corp., 60 FRD 462, 466 [applying New York law and holding that fraud is a defense to an action under a lease]; Kershner v Rubin, NYLJ, May 4, 1983, p 11, col 1 [holding that landlord has a duty to mitigate damages].)
The general rule in contract law is that “a party who causes or sanctions the breach of an agreement is thereby precluded from recovering damages for its non-performance”. (Patterson v Meyerhofer, 204 NY 96, 100-101; see, also, Grad v Roberts, 14 NY2d 70, 75; Bass v Sevits, 78 AD2d 926.) Under this rule, landlord should not prevail if its own breach was the cause of tenant’s late payments.
The defense raised is not insufficient on its face. Accordingly, tenant’s motion to amend its answer is granted, and tenant will be permitted to introduce evidence in support of its defense.