OPINION OF THE COURT
Ira B. Harkavy, J.
Is a continuous pattern of late payment of rent, coupled with the issuance of “bad” checks resulting in nine nonpayment proceedings, the type of action that a tenant can cure upon the service of a holdover proceeding based upon the above actions? Can the course of conduct of late payment of rent be cured pursuant to RPAPL 753 (subd 4)?
Respondent tenant (hereinafter referred to as Tenant) has resided in the apartment in question since October, 1976. Commencing with February, 1979 through August, 1982, when the notice of termination was served, petitioner landlord (hereinafter referred to as Landlord) issued nine dispossesses for nonpayment of rent, each for at least two months’ back rent. Tenant never disputed the dispossesses, and without going to court on any of them always *713 paid the amount claimed plus Landlord’s costs. In addition, Tenant has issued 11 checks to the Landlord which were returned for insufficient funds during the period from December, 1979 through December, 1981. Tenant further admits that when rent was paid, it was paid late in the month and not when due.
Landlord commenced the instant holdover proceedings to remove the tenant based upon the course of conduct of nonpayment of rent and the issuing of the “bad” checks compelling the Landlord to bring numerous nonpayment proceedings. Tenant’s defense is that the notice to cure is defective and that in February, 1983, after the proceedings commenced, the Landlord did not repair the bathroom ceiling for a week after it fell down due to a water leak upstairs. Tenant also claimed that the Landlord’s acceptance of all outstanding rent in August, 1982 after service of the notice of termination, which was to take effect on September 30, 1982, was a waiver of the notice of default and termination and a cure of any alleged violation.
It has been continuously held that where a landlord is compelled to bring repeated summary proceedings for nonpayment of rent, there is established a prima facie violation of the substantial obligation to pay rent when due, arid the offending tenant is subject to eviction as a holdover, after appropriate notice of termination. (Stern v Carroll, 28 Misc 2d 507; Desjardins v Owens, NYLJ, April 23, 1980, p 6, col 2 [App Term, 1st Dept], affd 81 AD2d 758; N.R.K. Mgt. Corp. v Jacobs, NYLJ, May 28, 1981, p 7, col 1.) The obligation to pay rent under a lease in a timely manner is a primary obligation of a tenancy. (Sanfilippo v Coster, 91 NYS2d 738, 740.)
In 535 Hudson Realty Co. v Simon (NYLJ, June 9,1983, p 12, col 3), the Appellate Term, First Department, stated “Here, tenant’s persistent and unexplained failure to timely meet his rental obligations led to the commencement of at least nine nonpayment proceedings within a period of two and one-half years. Given this pattern of default, the granting of the within holdover petition was warranted.”
In the same manner, we have nine dispossesses issued between February, 1979 and August, 1982 (seven of them *714 between Jan., 1981 and Aug., 1982) together with 11 returned checks and a history of late payment. The granting of a final judgment in favor of the Landlord herein is well warranted.
Tenant claims that the whole proceedings are invalid, because the notice to cure dated May 12, 1982 is defective in that it was issued by “Pasamyo Realty, Inc. by Kellner & Livingston, Inc., Agent.” instead of Ocean Farragut Associates by Kellner & Livingston, Inc., agents. Tenant admits that Kellner & Livingston was the agent for the property and that Tenant knew and understood the notice and the ramifications thereof. The trend in landlord and tenant proceedings for the past few years has been to ignore the possible technical defects and decide the case on its merits. (See Phillips v Mason, NYLJ, June 29,1982, p 5, col 1 [App Term, 1st Dept].) In the Phillips case (supra), the Appellate Term, First Department, held that the failure to sign a petition was not a sufficient defect to dismiss the proceedings. Mistakes in the name of a party have been permitted to be corrected by amendment. (Ryan v Nationwide Mut. Ins. Co., 20 AD2d 270.) In Jackson v New York City Housing Auth. (88 Misc 2d 121), the court stated that where the court has subject matter jurisdiction, the petitioner can amend mere irregularities.
In the instant proceedings, Tenant does not claim any actual harm due to the wrong Landlord being listed on the notice to cure, and in fact admits that Tenant knew the nature of the notice and that it was directed to them. The claim that the proceeding should be dismissed because of the wrong name of the Landlord on the notice to cure is dismissed as spurious.
Tenant’s next claim is that the Landlord’s acceptance of arrears in August, 1982 constitutes a waiver of the notice of default and a cure of the alleged violation. The facts show that the date of termination was September 30,1982. Petitioner did not receive any rent payment between the termination date and the date of the commencement of the proceeding. A prior motion based upon these grounds was brought by the Tenant and was decided by Judge Jackson on December 7, 1982. Judge Jackson stated: “The motion by respondent to dismiss the petition is denied. Washing *715 ton Realty Co. v. Lucander, N.Y.L.J. June 10,1981, Appellate Term First Department.” This court agrees with the ruling of Judge Jackson and confirms the decision that Landlord was well within its rights to collect rent prior to the actual date of termination and after commencement of the proceeding as provided in RPAPL 711 (subd 1).
The failure of Landlord to replace the ceiling for a week after promptly fixing a hidden leak in the ceiling is not a ground for dismissing the proceeding. The repair of the leak was made promptly and the ceiling was repaired in a most reasonable time taking into consideration that some time should be expended to make sure the leak was properly repaired. The court finds no grounds for an abatement of use and occupation. In fact, the court finds that the repairs were made expeditiously and the court wishes that all landlords responded so promptly in making repairs.
The real question herein is, what is the effect of RPAPL 753 (subd 4) which provides: “In the event that such proceeding is based upon a claim that the tenant or lessee has breached a provision of the lease, the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach.” It has been held that the court should stay the warrant for 10 days to permit the Tenant to cure the default and if the default is cured the execution of the warrant is to be permanently stayed until further order of the court. (Nunez v 164 Prospect Park West Corp., 92 AD2d 540; Yorkgate Corp. v Manera, NYLJ, May 10, 1983, p 6, col 1 [App Term, 1st Dept]; 440 East 57th St. Co. v Schleiff, NYLJ, June 1,1983, p 6, col 1 [App Term, 1st Dept].)
The question herein is: can Tenant’s failure to pay rent on time causing the Landlord to issue numerous nonpayment dispossesses and Tenant’s issuance of numerous bad checks the type of default that can be cured within the 10-day grace period set forth in RPAPL 753 (subd 4)? While the removal of an illegal occupant or an illegal condition can be cured within 10 days, the court cannot fathom how you can cure a prior course of wrongful conduct. The Appellate Term, First Department, stated: “[T]enants are to be afforded a final opportunity to cure after they have been adjudged in breach of the lease — *716 presumably on the theory that the ultimate goal of holdover proceedings of this type [use of apartment for business purposes which was discontinued prior to the proceedings] should be cure of the condition complained of, not eviction of a rent-regulated tenant.” (Jillandrea Realty Assoc. v Johnson, 118 Misc 2d 520, 521.)
In National Shoes v Annex Camera & Electronics (114 Misc 2d 751), Judge Saxe held that not every breach of the tenancy is capable of being cured. Judge Saxe stated (p 755): “The respondent has proven itself to be an unworthy tenant from the standpoint of paying rent when due. The petitioner is entitled, as a consequence of the respondent’s serious breach, to a judgment of possession of the subject premises.”
In the past it has been specifically held that in residential holdover proceedings, a notice to cure was inapplicable for past conduct. (974 Realty Corp. v Ledford, 9 Misc 2d 240.)
Giving Tenant every benefit of doubt, the court could grant a final judgment with the execution of the warrant stayed to such time as Tenant fails to pay the rent on time. However, it is the court’s opinion that the course of conduct of the Tenant has been such that it is not curable in 10 days and it is in fact incurable. Therefore, RPAPL 753 (subd 4) does not apply, especially as this proceeding is based upon the irresponsible course of conduct of the tenant and upon a breach of the lease per se.
Final judgment of possession for the Landlord. The warrant shall issue immediately with a stay of execution to and including September 30, 1983 providing the Tenant pay all current use and occupation at the rate being paid heretofore by. the fifth day of each respective month. If Tenant fails to pay the use and occupation as required herein, the Landlord may advance the execution of the warrant upon five days’ written notice to the court, the Tenant and the attorney for the Tenant.