OPINION OF THE COURT
John A. Milano, J.
ISSUES
Must a landlord pursuant to section 2523.5 of the Rent Stabilization Code (9 NYCRR) offer a renewal lease even after service of a termination notice on said tenant? By offering same, does a landlord waive the effect of said termination notice? Further, does a tenant commit "nuisance” by section 2524.3 (b) of the Rent Stabilization Code (Code) in that a landlord instituted six summary proceedings for nonpayment of rent over a course of a 21-month period?
PROCEEDINGS
Tenant respondent, in this summary holdover proceeding *966 for possession of the subject premises, moves for an order dismissing the proceeding pursuant to CPLR 3211 (a) (2) on the grounds that it is jurisdictionally defective because the conduct complained of in the landlord’s seven-day notice of termination is not a nuisance as a matter of law and further, that the landlord’s offer and tenant’s acceptance of a two-year renewal lease vitiated and/or waived the earlier termination notice.
FACTS
Rent regulation in New York City has a complex legislative and litigious history. Often a party is forced to rely on notices sent by a landlord which affect a tenant’s right to occupy an apartment. In the instant case the tenant, David Wachtel, received a notice entitled "Seven Days Notice of Termination” advising Mr. Wachtel that the landlord elected to terminate his tenancy effective February 3, 1988. He was further advised that unless he vacated on or before February 3, 1988 the landlord would commence eviction proceedings. The basis for this notice was an allegation that the tenant was committing a nuisance defined by section 2524.3 (b) of the Rent Stabilization Code. The landlord alleged that he was forced to institute summary proceedings for nonpayment of rent on six separate occasions during the period from February 1986 to October 1987.
The following week on February 12, 1988 Mr. Wachtel received a notice from the landlord offering a renewal lease for either a 1- or 2-year. term. This apparent inconsistency is justified by the landlord in his opposition papers in response to this motion to dismiss, as a requirement under law which compelled the landlord to offer a renewal lease. The landlord cites section 2523.5 (a) of the Rent Stabilization Code as the basis for his actions. That section requires an owner to notify the tenant named in the expiring lease not more than 150 days and not less than 120 days prior to the end of the tenant’s lease term to offer to renew the lease at the legal regulated rent permitted for such renewal lease and otherwise on the same terms and conditions as the expiring lease.
ANALYSIS
The first issue for this court to decide is the effect of these diametrically opposed notices or rather does the subsequent renewal offer vitiate the prior termination notice?
*967 In support of his motion to dismiss the tenant cites Conthur Dev. Co. v Bartfield (NYLJ, Sept. 30, 1987, at 13, col 3). In Conthur the tenant received a notice from the landlord on April 15, 1986 that his lease would not be renewed due to the fact that the apartment was not being used as the tenánt’s primary residence. (Golub v Frank, 65 NY2d 900 [1985]; Rent Stabilization Code § 2524.2.) Subsequently, on April 15, 1986 the respondent tenant received an offer of lease renewal which he signed and returned to the landlord. Thereafter, on July 1, 1986 the tenant received a 30-day notice declaring the landlord’s intention to commence a nonprimary residence proceeding. (83rd St. Assocs. v Beldough, 118 AD2d 520 "[1st Dept 1986]; Rent Stabilization Code § 2524.4 [c].) Finally, on. July 9, 1986 the tenant received a letter from the landlord rescinding the subsequent renewal offer.
The court held the Golub notice a nullity because the lease renewal offer was sent after the notice of intention to terminate. The facts of the Conthur case (supra), while not identical to the instant proceeding, are sufficiently analogous to apply the same legal reasoning. The tenants in both the Conthur case and the case before this court are entitled to an unequivocal notice which can be relied on. (Siegel v Kentucky Fried Chicken, 108 AD2d 218, affd 67 NY2d 792 [1986].) By offering a renewal lease after service of a termination notice the landlord waived the effect of a termination notice. The landlord’s claim that the offer of a renewal lease would only be effective if this court decides the termination offer was invalid is without merit. There is no requirement under either the Rent Stabilization Law or applicable precedent to serve a lease renewal offer after unilaterally terminating a tenancy pursuant to a notice served on the tenant of record.
In addition, the notice of termination served on the respondent was itself defective. The basis for the termination notice was that the tenant was committing a nuisance as defined by section ¿524.3 (b) of the Rent Stabilization Code. As stated* the nuisance specifically was that on six occasions the landlord was required to institute a summary proceeding for nonpayment of rent over the course of a 21-month period from February 1986 through October 1987. In order to constitute a nuisance as defined by section 2524.3 (b) a tenant by his actions, either negligent or malicious, must intend to harass the owner or other tenants or damage the housing accommodation. Rent Stabilization Code § 2524.3 (b) specifically states, "The exercise by a tenant of any rights pursuant to any law *968 or regulation relating to occupancy of a housing accommodation, including the [Rent Stabilization Law] or this Code, shall not be deemed a ground for eviction pursuant to this subdivision”. The notice served herein made no allegation that the tenant’s actions were malicious, intentional or negligent, nor did it state the disposition of these summary proceedings. The mere fact that six nonpayment proceedings were initiated is not sufficient to support a holdover proceeding. A tenant has a legal right to withhold rent to protest conditions in his apartment or building. (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]; Conthur Dev. Co. v Dacar Garage Corp., 119 Misc 2d 410 [1983]; Omnibus Housing Act, L 1983, ch 403.)
The allegation of nonpayment of rent in this proceeding is not included in the meaning of nuisance under the Rent Stabilization Code. The facts alleged are a violation of a substantial obligation of Mr. Wachtel’s tenancy, not a nuisance. Therefore, the notice served is fatally defective.
INTERPRETATION OF SECTION 2524.3 (b)
The section of the Rent Stabilization Code upon which the landlord is basing this eviction proceeding, section 2524.3 (b), was held null and void in the Supreme Court, Queens County, case of Siegel v New York State Div. of Hous. & Community Renewal (Sept. 3, 1987, index No. 4381-1987). The technical objections raised by the lower court in Siegel pertain to the public hearings held before the Code was promulgated. The Division of Housing and Community Renewal (DHCR) was required to comply with the State Administrative Procedure Act pursuant to the enabling legislation (L 1985, ch 888), which authorized an amended Code. A public hearing was held in response to the proposed Code. Certain amendments were made in response to these hearings and pursuant to the State Administrative Procedure Act, the DHCR set aside a specific time period for written comments to the amended proposed Code. The court in Siegel found this procedure invalid because the DHCR did not provide for additional public hearings on the amended proposed Code. This case is presently being appealed to the Appellate Division, Second Department, who will decide whether the State Division in promulgating the amended Rent Stabilization Code complied with the requirements of Laws of 1985 (ch 888), the State Administrative Procedure Act and with constitutional due process requirements. Nevertheless, the instant case does not *969 rise or fall on the appealed issue of this provision of the revised Code. For it is the holding of this court that the tenant’s conduct under the facts herein is not a "nuisance” as a matter of law.
CONCLUSION
As to the final argument of the tenant as to acceptance of rent, a landlord is permitted to accept rent after commencement of a summary proceeding for periods prior to the expiration of the lease or termination (Ocean Farragut Assocs. v Sawyer, 119 Misc 2d 712 [1983]; Greenwich Gardens Assocs. v Pitt, 126 Misc 2d 947 [1984]). The acceptance of rent in this proceeding did not occur until after the service of the petition and notice of petition on February 17, 1988. Acceptance of rent under such circumstances is not grounds for the termination of this summary proceeding nor does it affect any award of possession to the landlord. (RPAPL 711.)
Accordingly, summary judgment is granted in favor of the respondent, David Wachtel, dismissing the petition in this summary proceeding.