■ 25TH REALTY ASSOCIATES, Appellant, v DENNIS GRIGGS, Respondent.—The appeal from the order of the Supreme Court, New York County (Elliott Wilk, J.), entered February 26, 1986, which, ex parte, granted defendant's motion to vacate a prior order of the same court entered on default, is unanimously dismissed for the reason that the order appealed is not appealable as of right, without costs (see, CPLR 5701 [a] [2]; Levinger v General Motors Corp., 122 AD2d 419).

The appeal from the order of the same court, entered on or about April 14, 1986, which granted defendant an extension of time to respond to plaintiff's motion, is also unanimously dismissed, without costs; that order too is not appealable as of right since no substantial right was affected (see, CPLR 5701 [a] [2] [v]).

Order and judgment (one paper) of the same court, entered

on or about September 1, 1987, which denied plaintiff's motion for partial summary judgment, and which granted defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, the cross motion denied and the matter remanded for further proceedings, with costs.

Plaintiff landlord seeks a declaration that defendant, a tenant in the subject rent-controlled premises for more than 30 years, has consistently failed to tender his rent and has thereby forced plaintiff to bring repeated nonpayment proceedings. It is urged that defendant's withholding of rent renders his continued occupancy a nuisance and that the landlord is, therefore, entitled to recover possession of defendant's apartment, and to compensatory and punitive damages.

This appeal is from an order and judgment which granted the tenant's cross motion for summary judgment, and, in so doing, declared that the landlord had not established that the tenant's withholding of rent was unjustified or that his possession of the subject premises constituted a nuisance. In its decision, the court correctly observed that to evict a tenant for chronic late payment of rent, the landlord must show that it was compelled to bring numerous nonpayment proceedings within a relatively short period and that the tenant's nonpayment was willful, unjustified, without explanation, or accompanied by an intent to harass the landlord (see, e.g., 940 St. Nicholas Ave. Corp. v Grant, 35 Misc 2d 165; Zalaznick v Imbembo, 35 Misc 2d 164; Stern v Carroll, 28 Misc 2d 507; Lester Taylor, Inc. v Teller, 28 Misc 2d 508; 974 Realty Corp. v Ledford, 9 Misc 2d 240). The court was of the view that the present plaintiff had not made a sufficient prima facie showing of these conditions. We disagree.

Plaintiff has over the course of six years brought 11 nonpayment proceedings against the defendant and in none of these has the defendant prevailed. We think the frequency with which the landlord has had to resort to legal proceedings to extract rent, combined with the tenant's failure to prevail in any of these proceedings, sufficient to constitute a prima facie case. We recognize, however, that, as the court noted in its decision, the tenant did allege in defending several of the nonpayment proceedings that the premises were in need of repair and that they had been the subject of building code violations. We note also that such violations were, in fact, twice found on the premises. Additionally, there is indication that the tenant's withholding of rent may on occasion have been due to a bona fide dispute over whether he was entitled to a rent reduction. These circumstances raise questions of

fact concerning the tenant's motives which we think impossible to resolve on the present record.

It may be that the circumstances cited by the tenant will, after closer inquiry, be found sufficiently serious to justify or, at least explain, his refusal to tender rent. But it may also be that these circumstances are advanced as a mere pretext to justify what was, in reality, a pattern of rent delinquency whose only discernible purpose was to harass the landlord. Accordingly, we reverse the grant of summary judgment to the tenant and remand for further proceedings. Concur—Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ.