■ JEROME L. GREENE, Appellant, v ROBERT STONE et al., Respondents.—Order of the Appellate Term, First Department, entered on April 24, 1989, affirming an order of the Civil Court, New York County (Bruce J. Gould, H.J.), entered on June 8, 1988, which dismissed the petition in a summary holdover proceeding, unanimously is reversed on the law and the matter remanded for a new trial, without costs or disbursements.

Petitioner Jerome Greene is the proprietary owner of the cooperative shares relating to apartment 30F at 15 West 72nd Street in Manhattan. He alleges in this holdover proceeding

that his rent-stabilized tenant, respondent Robert Stone, has repeatedly failed to comply with the rental obligations prescribed in his lease. Specifically, it is asserted that from April of 1983 to September of 1987, respondent failed to pay rent on time on 49 separate occasions, compelling petitioner to serve him with legal process 21 times, encompassing 35 months of arrears, before respondent paid his rent, and, even then, nine of the tendered checks subsequently were returned for insufficient funds. Moreover, on a number of instances, respondent purportedly neglected to pay any rent for many months at a time, including one period of 13 continuous months. Between 1984 and 1987, petitioner commenced three nonpayment actions and one holdover action, two of which were never placed on the calendar and two of which were settled by stipulation and discontinued, at least one being with prejudice. Yet, notwithstanding the evidence of respondent's apparent persistent and long-standing record of late payment and nonpayment, the Civil Court dismissed the petition after the owner's proof for failure to make out a prima facie case. According to the Judge therein, while the court may take into account other factors besides the number of legal processes which have been instituted in connection with the claimed lack of timely payment, in the present matter there is insufficient proof to support a conclusion that respondent violated a substantial obligation of his lease since petitioner only brought three nonpayment actions in three years. However, the number of nonpayment actions commenced is relevant only in the context of the entire circumstances surrounding the alleged withholding of rent (see, 25th Realty Assocs. v Griggs, 150 AD2d 155). Thus, in view of respondent's alleged chronic late payment and nonpayment of rent, which petitioner claims necessitated repeated resort to legal process, including nonpayment and holdover actions, respondent's possession of the subject premises may constitute a nuisance warranting eviction if not adequately explained by the tenant. In that regard, although the evidence educed at trial may well demonstrate that respondent was justified in withholding rent (for example, there was a valid dispute with the landlord concerning the failure to make repairs), it was certainly error to dismiss the petition following the owner's presentation of a prima facie case. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.