■ In the Matter of CAROL MANAGEMENT CORP., Appellant, v JUAN MENDOZA et al., Respondents. [602 NYS2d 941] —In a summary proceeding to recover possession of certain leased premises, the landlord appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 18, 1991, which affirmed an order of the Civil Court, Queens County (Rios, J.), entered May 1, 1990, dismissing the proceeding without prejudice.

Ordered that the order is affirmed, with costs to the respondent Juan Mendoza.

We note that, contrary to the conclusion of the Appellate Term, the landlord in this case was not limited to commencing an action to enforce a prior stipulation of the parties as its sole means of seeking redress in this matter. However, the Civil Court properly dismissed the proceeding, since the landlord's allegations regarding chronic nonpayment of rent and repeated resort to legal proceedings were insufficient to make out a valid claim for eviction on the ground that the tenant had committed a nuisance (see, 9 NYCRR 2524.3 [b]; *Ambassador Realty Co. v Wachtel*, 139 Misc 2d 965). While the allegations of nonpayment might support a holdover proceeding premised on a violation of a substantial obligation of the tenancy (see, 9 NYCRR 2524.3 [a]), the notice of termination and holdover petition failed to allege such additional aggravating circumstances as would sustain a claim of nuisance within the meaning of the Rent Stabilization Code. In this regard, the landlord's reliance upon the decisions of the Appellate Divi-

sion, First Department, in *Greene v Stone* (160 AD2d 367) and *25th Realty Assocs. v Griggs* (150 AD2d 155) is misplaced, inasmuch as those cases are factually distinguishable from the instant matter. In any event, to the extent that those decisions may be interpreted as being in conflict with our holding in this case, we decline to follow them. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.