[892 NYS2d 744]

LAUREL HOMES LP, Petitioner, v TRINA HUNTER et al., Respondents.

District Court of Nassau County, First District, December 2, 2009

APPEARANCES OF COUNSEL

*Howard R. Birnbach*, Great Neck, for respondents. *Ezratty, Ezratty & Levine, LLP*, Mineola, for petitioner.

**OPINION OF THE COURT**

SCOTT FAIRGRIEVE, J.

The petitioner commenced this summary holdover proceeding on September 17, 2008, requesting: final judgment; possession of the premises to the petitioner landlord; issuance of a warrant to remove respondents from possession thereof; fair value of use and occupancy; attorney's fees and costs and disbursements. The petitioner brought this proceeding because the respondent, who is a tenant pursuant to Section 8, allegedly violated the terms of the lease in that she did not notify the petitioner that she was receiving additional income in the form of Social Security disability payments to her son.

The respondent, Trina Hunter, moves for an order granting summary judgment dismissing the petition upon the grounds that: (1) the petitioner does not have standing because the party named as the landlord on the lease is not the same party named as landlord on the petition; (2) the respondent's son's disability payments should be excluded in calculating the household's annual income; and (3) respondent notified the petitioner landlord of the son's award. The petitioner cross-moves for summary judgment.

The respondent argues, for the first time in her reply, that the petitioner does not have standing because the landlord on the lease is Roslyn Plaza Housing Associates and the petitioner is incorrectly named as Laurel Homes LP. The petitioner moves, in their affirmation in reply, to amend the petition and all other papers nunc pro tunc to reflect Roslyn Plaza Housing Associates, LP, doing business as Roslyn Plaza Gardens as party

petitioner in the place and stead of Laurel Homes LP. The petitioner argues that although Laurel Gardens, LP was incorrectly named as the landlord, the caption includes a correct address for the dwelling unit and for the management company, JMI Management.

As stated in *Conthur Dev. Co. v Dacar Garage Corp.* (119 Misc 2d 410, 411 [Civ Ct, NY County 1983]), "[a] party may move for leave to amend its pleadings at any time (CPLR 3025, subd [b]), and, in the absence of surprise or undue prejudice, leave should be freely granted. (*Schanbarger v Baker*, 75 AD2d 964; *De Forte v Allstate Ins. Co.*, 66 AD2d 1028.)" An amendment would be allowed where the tenant has not been "harmed, duped, misled, or deprived of any of its statutory rights by such claimed defect" (*Maldon Bldgs. v Allied Health Careers Jamaica*, 78 Misc 2d 337, 338 [Civ Ct, Queens County 1974]; *see also Shoecraft v Town of N. Salem*, 24 Misc 3d 1233[A], 2009 NY Slip Op 51737[U] [Sup Ct, Westchester County 2009]; *Jewel of Asia, Inc. v Unique Affairs at Mansion Hill Corp.*, 18 Misc 3d 1110[A], 2007 NY Slip Op 52490[U] [Just Ct, Westchester County 2007]).

In the instant case, the lease between the parties indicates in paragraph one that Roslyn Plaza Housing Associates is the landlord and Trina Hunter is the tenant. As such, the court finds that the respondent would not be surprised or subject to undue prejudice by the granting of the petitioner's request to amend the name of the petitioner. Accordingly, the petition and all other papers shall be amended nunc pro tunc to reflect Roslyn Plaza Housing Associates, LP, doing business as Roslyn Plaza Gardens as party petitioner in the place and stead of Laurel Homes LP.

The respondent's second contention is that her son's Social Security disability award should be excluded in calculating her rent and therefore she is not in violation of the lease. In support, the respondent relies on 24 CFR 5.609 (c) (14) which states:

"(c) Annual income does not include the following: . . .

"(14) Deferred periodic amounts from supplemental security income and social security benefits that are received in a lump sum amount or in prospective monthly amounts."

The respondent argues that this is the relevant section because periodic payments are being made to her infant son based upon a disability and the monthly payments are from the

Supplemental Social Security Disability program. The respondent additionally argues that disability income from an infant should be excludable because under 24 CFR 5.609 (c) (1) income from employment of children under 18 years of age is excluded.

The petitioner argues that 24 CFR 5.609 (b) (4) is the applicable section to use in determining whether the son's Social Security disability payments are considered income.

24 CFR 5.609 (b) (4) states, in pertinent part:

"(b) Annual income includes . . .

"(4) The full amount of periodic amounts received from Social Security . . . disability . . . benefits, and other similar types of periodic receipts . . . (except as provided in paragraph (c) (14) of this section)."

■ Based upon a reading of the statute, the court finds 24 CFR 5.609 (c) (14) would only be applicable where the periodic payments were deferred. The respondent has not claimed that the payments were deferred but only that they were periodic. As such, the court finds that 24 CFR 5.609 (b) (4) is the relevant section and therefore the Social Security disability payments should be considered income.

In *Cincinnati Metro. Hous. Auth. v Edwards* (174 Ohio App 3d 174, 881 NE2d 325 [Ct App 2007]), the court held that the tenant's entire Social Security disability benefits were properly included in the Section 8 rent calculation and that the tenant was not entitled to a deduction for child support payments.

Accordingly, the respondent's motion to dismiss the petition on this basis is denied.

The petitioner cross-moves for summary judgment stating that there are no triable issues of fact. Summary judgment is drastic relief—it denies one party the opportunity to go to trial. Thus, summary judgment should only be granted where there are no material triable issues of fact (*see Andre v Pomeroy*, 35 NY2d 361 [1974]). The focus for the court is on issue finding, not issue determining (*see Hantz v Fishman*, 155 AD2d 415 [2d Dept 1989]). However, where appropriate, summary judgment should be granted by the court.

The court finds that issues of fact exist which require a plenary trial. The respondent states that she did in fact give the petitioner notice of the additional income she was receiving. Respondent states that on or about November 2009, she gave the petitioner notice by hand delivering the decision and other sup-

porting papers to their office. The respondent states that she went with her father, Reverend Richard Hunter, and that she spoke with Gail Tyber, the property manager, concerning the award. Accordingly, the petitioner's cross motion for summary judgment is denied.

The defendant's motion and the petitioner's cross motion are, in all other respects, denied.