OPINION OF THE COURT
Per Curiam.
Order, dated October 12, 2011, affirmed, with $10 costs.
We agree that landlord’s summary judgment evidence failed to establish, prima facie, a pattern of unjustified rent defaults on the tenant’s part sufficient to constitute a violation of a substantial obligation of the tenancy (see Rent Stabilization Code [9 NYCRR] § 2524.3 [a]). While the record demonstrates that tenant’s rent defaults led to the commencement of four nonpayment proceedings between October 2007 and June 2010, two of those proceedings were shown to have arisen from legitimate disputes as to the propriety of the monthly rent sought by landlord and the existence of rent-impairing conditions in the apartment. Each of those two proceedings yielded settlement stipulations awarding landlord rent in amounts substantially less than that sought in the underlying petitions, with the stipulation settling the second matter requiring landlord to attend to specified repairs. The bona fide claims raised by tenant in the two contested nonpayment proceedings as to the rental amounts demanded and/or the habitability of the apartment premises, precipitating the withholding of rent, preclude an eviction remedy based upon chronic nonpayment (see Hudson St. Equities v Circhi, 9 Misc 3d 138[A], 2005 NY Slip Op 51764[U] [App Term, 1st Dept 2005]). Nor, on this record, was such an eviction remedy triggered by the two remaining nonpayment proceedings, instituted, respectively, in October 2007 and January 2008, more than 3V2 years prior to service of the within holdover petition (cf. Greene v Stone, 160 AD2d 367 [1990]).
In deciding this appeal, we do not consider the three nonpayment proceedings said to have been commenced by landlord in 1994 and 1995 — the “Early Proceedings” as landlord presently describes them — the “exact details” of which, landlord now *72 concedes, are unknown. Nor do we consider the nonpayment proceeding ostensibly commenced by landlord in August 2009, there being no showing that service of the underlying petition was properly effectuated upon tenant or that the case was pursued by landlord.
Lowe, III, EJ., Schoenfeld and Hunter, Jr., JJ., concur.