In the Matter of Zevrone Realty Corp., Petitioner-Landlord-Appellant, 
against
Tamba Gumaneh, Respondent-Tenant-Respondent, and Ebrima Kabba, Jane or John Kabba, John and Jane Doe, Respondents.



Landlord appeals from an order of the Civil Court of the City of New York, Bronx County (Inez Hoyos, J.), entered December 2, 2015, which granted tenant's motion to dismiss the petition in a holdover summary proceeding.




Per Curiam.
Order (Inez Hoyos, J.), entered December 2, 2015, reversed, with $10 costs, tenant's motion to dismiss denied, and the petition is reinstated.
Civil Court erred by treating tenant's preanswer motion made pursuant to CPLR 3211(a)(1) and (7) as a motion for summary judgment without providing the parties with notice, as required by CPLR 3211(c) (see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]).
Treating the motion as one for dismissal pursuant to CPLR 3211(a)(7), we conclude that it should have been denied. Construing the petition liberally and drawing all reasonable inferences in favor of landlord (see Leon v Martinez, 84 NY2d 83, 87—88 [1994]), the allegations that tenant's repeated rent defaults required landlord to commence six nonpayment proceedings in a four and one-half year period, stated a cognizable possessory claim sufficient to withstand tenant's motion (see Greene v Stone, 160 AD2d 367 [1990]; Ludor Props., LLC v Brooks, 33 Misc 3d 139[A], 2011 NY Slip Op 52125[U] [App Term, 1st Dept. 2011]; see also Definitions Personal Fitness, Inc. v 133 E. 58th St. LLC., 107 AD3d 617 [2013]). 
Nor was tenant entitled to dismissal pursuant to CPLR 3211(a)(1), since the documentary evidence submitted did not conclusively establish as a matter of law (see Leon v Martinez, 84 NY2d at 88) that tenant was justified in withholding rent during some or all of the relevant time [*2]periods (see Adam's Tower Ltd. Partnership v Richter, 186 Misc 2d 620 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 26, 2016