Terrilee 97th Street LLC, Petitioner-Landlord-Appellant,
against
Naema Alaharzi, Respondent-Tenant-Respondent, - and - "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from so much of a final judgment of the Civil Court of the City of New York, New York County (Cheryl J. Gonzales, J. ), entered on or about January 9, 2015, after a nonjury trial, which dismissed the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Cheryl J. Gonzales, J.), entered on or about January 9, 2015, insofar as appealed from, affirmed, with $25 costs. 
A fair interpretation of the evidence supports the dismissal after trial of this chronic rent delinquency holdover petition. While the record shows that tenant's defaults in paying her share of the rent led to the commencement of nine nonpayment proceedings over a sixteen year period, only two proceedings were commenced since 2009, tenant received abatements of rent in at least five of the proceedings, and two were settled by stipulations requiring landlord to make repairs or cure violations. Thus, landlord failed to establish a pattern of unjustified rent defaults on the tenant's part sufficient to constitute a violation of a substantial obligation of the tenancy (see Rent Stabilization Code [9 NYCRR] §2524.3[a]). Where, as here, bona fide claims are shown to exist that an apartment is in need of repairs, precipitating the withholding of rent, a holdover petition based upon chronic nonpayment will not lie (see Hudson St. Equities v Circhi, 9 Misc 3d 138[A], 2005 NY Slip Op 51764[U] [App Term, 1st Dept 2005]; see also Chama Holding Corp. v Taylor, 37 Misc 3d 70 [App Term, 1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2016