31-67 Astoria Corp., Appellant,
against
Jesus Cabezas, Also Known as Jesus Cabezas Prada, Respondent, et al., Undertenant.



NO. DECIDED Law Office of Leonidas Fampritsis, PLLC, Leonidas Fampritsis, Esq., 
for appellant.
Queens Legal Services, Ernie Mui, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Gilbert Badillo, J.), entered August 27, 2015. The order, insofar as appealed from and as limited by the brief, granted the branch of tenant's motion seeking summary judgment dismissing the petition in a holdover summary proceeding.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of tenant's motion seeking summary judgment dismissing the petition is denied.
In May 2015, landlord commenced this holdover proceeding to recover possession of the premises on the ground, among other things, that tenant had violated a substantial obligation of her lease (see Rent Stabilization Code [RSC] [9 NYCRR] § 2524.3 [a]) by failing to pay rent in a timely manner. Insofar as is relevant to this appeal, the 10-day notice of termination states that tenant's chronic nonpayment or late payment of rent had required landlord to commence seven nonpayment proceedings against her between April 2011 and May 2014, and, additionally, the notice included a list of months in which there was partial payment or nonpayment of rent for the period of June 2004 through April 2015. Tenant moved for, among other things, summary judgment dismissing the petition on the ground that the prior nonpayment proceedings did not constitute a breach of a substantial obligation of her lease. Landlord appeals from so much of an [*2]order dated August 27, 2015 as granted tenant's motion.
It is well settled that a "history of repeated nonpayment proceedings brought to collect chronically late rental payments supports an eviction proceeding on the ground that the tenant has violated a substantial obligation of the tenancy" (Adam's Tower Ltd. Partnership v Richter, 186 Misc 2d 620, 621-622 [App Term, 1st Dept 2000], citing Sharp v Norwood, 89 NY2d 1068, 1069 [1997]). However the "number of nonpayment actions commenced is relevant only in the context of the entire circumstances surrounding the alleged withholding of rent" (Greene v Stone, 160 AD2d 367, 368 [1990]). Where "bona fide claims are shown to exist that an apartment is in need of repairs, precipitating the withholding of rent, a holdover petition based upon chronic nonpayment will not lie" (Hudson St. Equities v Circhi, 9 Misc 3d 138[A], 2005 NY Slip Op 51764[U] [App Term, 1st Dept 2005]; see also Chama Holding Corp. v Taylor, 37 Misc 3d 70 [App Term, 1st Dept 2012]).
A review of the record indicates that tenant demonstrated that, of the seven nonpayment proceedings landlord alleges had been commenced against tenant between 2011 and 2014, three had been discontinued or not pursued, and these proceedings were therefore correctly not charged against tenant by the Civil Court (see Chama Holding Corp., 37 Misc 3d 70). Additionally, another proceeding involving a bona fide claim by tenant regarding the warranty of habitability was correctly not charged against tenant. 
However, the motion papers established that, in a period of approximately three years, from April 2011 through May 2014, landlord had successfully maintained three nonpayment proceedings against tenant. Additionally, landlord provided sworn proof that tenant had failed to pay in full and on time in any month between June 2004 and June 2015. In light of the three nonpayment proceedings and tenant's payment history (see e.g. GIT LEB, LLC v Golphin, 51 Misc 3d 144[A], 2016 NY Slip Op 50713[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), the branch of tenant's motion seeking summary judgment should have been denied.
Accordingly, the order, insofar as appealed from, is reversed and the branch of tenant's motion seeking summary judgment dismissing the petition is denied.
Weston, J.P., Pesce and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017