Time Equities Associates, LLC, Petitioner-Landlord-Respondent, 
against
William McKenith, Respondent-Tenant-Appellant.




Tenant, as limited by his briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Heela D. Capell, J.), dated January 29, 2019, as granted landlord's motion for summary judgment of possession in a holdover proceeding and denied a permanent stay of execution of the warrant of eviction.




Per Curiam.
Order (Heela D. Capell, J.), dated January 29, 2019, modified, with $10 costs, landlord's motion for summary judgement of possession denied, and matter remanded to Civil Court for further proceedings.
Landlord's motion for summary judgment should have been denied. Landlord's proof failed to establish, prima facie, a pattern of unjustified rent defaults on the tenant's part sufficient to constitute a breach of a substantial obligation of the stabilized tenancy (see Rent Stabilization Code [9 NYCRR] § 2524.3[a]; see also Chama Holding Corp. v Taylor, 37 Misc 3d 70 [App Term, 1st Dept 2012]). While the record shows that landlord commenced seven nonpayment proceedings over a seven year period, the number of nonpayment actions commenced is relevant only in the context of the entire circumstances surrounding the alleged withholding of rent (see Greene v Stone, 160 AD2d 367, 368 [1990]). Here, at least two of the nonpayment proceedings were settled by so-ordered stipulations requiring landlord to make repairs (see Hudson St. Equities v Circhi, 9 Misc 3d 138[A], 2005 NY Slip Op 51764[U] [App Term, 1st Dept 2005]), a third proceeding was not pursued by landlord, and another proceeding was commenced after a holdover proceeding was dismissed. Thus on this record, it cannot be said as a matter of law that tenant breached a substantial obligation of the tenancy.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: February 7, 2020