OPINION OF THE COURT
 

 Memorandum.
 

 The order of the. Appellate Division should be affirmed, with costs.
 

 Petitioners, owners of shares in a cooperative building in which respondent resides as a rent-controlled tenant, instituted
 
 *1069
 
 this summary holdover proceeding to recover possession of the apartment (see, RPAPL 711 [1]; CCA 204). Petitioners claimed that respondent’s chronic tardiness in meeting her monthly rental obligations constituted a "nuisance” warranting eviction pursuant to the New York City Rent and Eviction Regulations (see, 9 NYCRR 2204.2 [a] [2] [tenant may be evicted where "(t)he tenant is committing or permitting a nuisance in such housing accommodations”]).
 

 Civil Court granted respondent’s motion to dismiss the petition, holding that petitioners failed to state a claim of nuisance. The Appellate Term reversed and remitted for trial, on the ground that "[c]hronic late payment and nonpayment of rent may constitute a nuisance warranting eviction if not adequately explained by the tenant.” After a trial, Civil Court again dismissed the petition, concluding that petitioners did not prove any conduct by respondent that "would rise to the level of nuisance behavior.” The Appellate Term, with one Justice dissenting, affirmed for the same reason. At the next level of appellate review, the Appellate Division affirmed, with one Justice concurring separately and two Justices dissenting. The Appellate Division then granted petitioners leave to appeal to this Court
 
 (see,
 
 CPLR 5602 [b] [2] [i]).
 

 We agree that petitioners failed to prove their claim of nuisance. The specific harm petitioners claimed to have suffered as a result of respondent’s conduct was that they were repeatedly forced to institute nonpayment proceedings and to serve rent demands on respondent to collect chronically late rental payments. While these facts might have supported an eviction proceeding on the ground that respondent violated a "substantial obligation” of her tenancy, petitioners did not assert this ground in their holdover petition
 
 (see,
 
 9 NYCRR 2204.2 [a] [1];
 
 Carol Mgt. Corp. v Mendoza,
 
 197 AD2d 687). Having opted to pursue their remedy in the context of a nuisance case, petitioners were required to establish that respondent’s conduct "interfere^] with the use or enjoyment” of their property
 
 (see, e.g., Copart Indus. v Consolidated Edison Co.,
 
 41 NY2d 564, 568). Petitioners failed, however, to offer any evidence on this issue. Therefore, the holdover petition was properly dismissed on the merits for lack of proof.
 

 We need not and do not decide whether chronic late payment or nonpayment of rent, when combined with aggravating circumstances, could ever support an eviction proceeding for a "nuisance” within the meaning of the New York City Rent and Eviction Regulations.
 

 
 *1070
 
 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs, in a memorandum.