OPINION OF THE COURT
Per Curiam.
Order dated May 7, 1999 modified by granting landlord’s motion for summary judgment on the holdover petition; as modified, order affirmed, with $10 costs to landlord appellant.
The uncontradicted evidence establishes that after years of consistently late rent payments, landlord was required to commence nine nonpayment proceedings during the period June 1995 through October 1998. These proceedings were uniformly resolved by so-ordered stipulations in which tenants consented to judgment and agreed to pay out the arrears sought in full, without abatement. There is no suggestion that rent was withheld because of unhabitable conditions within the apartment premises. Rather, tenants acknowledge that they have experienced financial difficulties attributable to expenses occasioned by their son’s medical condition.
A history of repeated nonpayment proceedings brought to collect chronically late rental payments supports an eviction proceeding on the ground that the tenant has violated a “substantial obligation” of the tenancy (see, Sharp v Norwood, 89 NY2d 1068; 9 NYCRR 2524.3 [a]). This proceeding was not brought upon the ground of nuisance, which requires a showing of “aggravating circumstances” (Sharp v Norwood, supra, at 1069), but upon the allegation that tenants’ “long term, unjustified and persistent failure” to pay rent as it became due breached a material leasehold obligation. That breach is firmly documented in the record, particularly in the absence of a bona *622 fide habitability claim or dispute as to the amount of rent owed. A temporary financial embarrassment may excuse isolated instances of late payment, but inability to pay cannot excuse chronic and continuing delinquency. While we are not unsympathetic to tenants’ situation, a landlord in a regulated tenancy cannot be expected to meet its obligations when rent is tendered only as a consequence of eviction proceedings.
 We affirm that part of the order holding that a notice to cure was not required because the cumulative pattern of tenants’ course of conduct was incapable of “cure” within 10 days (National Shoes v Annex Camera & Elecs., 114 Misc 2d 751). The fact that a lease or statute provides time for a cure “does not necessarily imply that a means or method to cure must exist in every case” (National Shoes v Annex Camera & Elecs., supra, at 752). For parallel reasons, we decline to apply the postjudgment cure of RPAPL 753 (4) to this type of default (Ocean Farragut Assocs. v Sawyer, 119 Misc 2d 712, 715-716).
We have considered tenants’ remaining arguments and find them to be without substantial merit.
Parness, P. J., Davis and Gangel-Jacob, JJ., concur.