OPINION OF THE COURT
Per Curiam.
Order entered on or about February 15, 2000 reversed, with $10 costs, motion denied, petition reinstated, and matter remanded for further proceedings.
Service of a formal notice to cure was not a sine qua non of the landlord’s maintenance of this summary holdover proceeding based upon allegations that the tenant’s history of chronic *422 rent defaults constituted a violation of a substantial obligation of the tenancy, since “the cumulative páttern of [tenant’s] course of conduct was incapable of ‘cure’ within 10 days” (Adam’s Tower Ltd. Partnership v Richter, 186 Misc 2d 620, 622 [App Term, 1st Dept] [decided after issuance of the order on appeal]; see also, 974 Realty Corp. v Ledford, 9 Misc 2d 240). To the extent that 72nd St. Partners v Otis (NYLJ, Apr. 7, 1993, at 24, col 3 [App Term, 1st Dept]) is to the contrary, it should not be followed.
Parness, P. J., Gangel-Jacob and Suarez, JJ., concur.