■ 49 WEST 12 TENANTS CORP., Appellant-Respondent, v PEARL SEIDENBERG, Respondent-Appellant. [774 NYS2d 339]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 20, 2003, which granted defendant's motion insofar as it sought dismissal of the complaint pursuant to CPLR 3211 (a) (7) but denied the motion to the extent that tenant shareholder sought an award of attorneys' fees, and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

The motion court properly considered defendant's motion to dismiss as against the proffered amended complaint (*see Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38 [1998]).

Plaintiff residential cooperative corporation's 1995 letter to defendant tenant shareholder, advanced as proof that plaintiff residential cooperative corporation duly notified defendant tenant shareholder of its intention to terminate her proprietary lease, did not meet the termination notice requirements set forth in paragraph 31 (g) of the proprietary lease. The letter did not reference the proprietary lease, much less specify the lease provision violated by defendant, and did not warn defendant that the lease was terminable upon her failure to cure (*see Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786 [1980]; *Filmtrucks, Inc. v Express Indus. & Term. Corp.*, 127 AD2d 509, 510 [1987]). The letter was also defective as a termination notice since it was not from plaintiff or an attorney named in the lease, but from an attorney with whom defendant had not previously dealt (*see Siegel v Kentucky Fried Chicken of Long Is.*, 67 NY2d 792, 794 [1986]). Accordingly, since the notice required as a condition of terminating the proprietary lease was not provided, this action seeking, inter alia, to recover possession of defendant's apartment upon the ground that her proprietary lease had been validly terminated for objectionable conduct was properly dismissed.

While plaintiff's action is technically defective, the record provides strong indication that its attempt to terminate defendant's lease was not without substantive basis and that defendant's success in this action may be little more than nominal. Accordingly, an award of attorneys' fees to defendant, pursuant to either 22 NYCRR 130-1.1 or Real Property Law § 234, would not be appropriate. Concur—Buckley, P.J., Tom, Sullivan and Williams, JJ.