Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 19, 2012, which denied plaintiffs motion for a Yellowstone injunction, unanimously affirmed, without costs.
The record demonstrates that plaintiff chronically failed to pay its rent, having forced defendant to bring 10 nonpayment *618 proceedings over the last seven years. This is a breach of a substantial obligation under the lease (see Adam's Tower Ltd. Partnership v Richter, 186 Misc 2d 620, 621 [App Term, 1st Dept 2000]), and is a type of default that plaintiff cannot cure within the 15-day cure period provided for in the lease (see id. at 622). Accordingly, plaintiff was properly denied a Yellowstone injunction, since that relief requires a showing that plaintiff is able to cure (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]).
Defendant was not limited to a nonpayment proceeding under the term of the lease that provided for such proceedings for nonpayment. Chronic nonpayment is a violation of a different type than occasional nonpayment (see 326-330 E. 35th St. Assoc. v Sofizade, 191 Misc 2d 329, 331-332 [App Term, 1st Dept 2002]). Nor can plaintiff rely on any defect of the notice of default, since no such notice is even necessary for an action based on chronic nonpayment (see 3363 Sedgwick v Medina, 187 Misc 2d 421 [App Term, 1st Dept 2000]). Furthermore, contrary to plaintiffs contention, there are no equitable considerations that would require a different result. Concur — Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Feinman, JJ.