OPINION OF THE COURT
Michael L. Weisberg, J.
This is a holdover summary eviction proceeding predicated on the allegation that respondents have violated a substantial obligation of their lease by frequently paying their rent late. Petitioner alleges that respondents’ repeated late payment led it to commence 26 nonpayment summary eviction proceedings between 1999 and 2015, including at least one such proceeding during each of those years, as well as to issue four five-day rent demand notices that did not result in a proceeding. Respondent Wilner Dubresil has moved for partial summary judgment on four of his affirmative defenses: that several of the *458 proceedings cited were commenced more than six years prior to commencement of this proceeding and thus are barred from consideration by the statute of limitations for actions based on breach of contract; that the issuance of rent demand notices without commencement of an eviction proceeding based thereupon cannot be considered by the court in deciding this proceeding; that six of the proceedings cited were not calendared or pursued and therefore cannot be considered by the court in deciding this proceeding; and that six of the proceedings cited precede the date of the lease agreement that petitioner is claiming respondents breached, as specified in the notice of termination. In the alternative, respondent seeks leave to conduct discovery or for a stay so that he may obtain the court files for the nonpayment proceedings listed in the predicate notice. Petitioner has moved for an order directing respondents to pay “all use and occupancy presently due” and pendente lite. The motions are consolidated for disposition herein.
Statute of Limitations
The six-year statute of limitations for an action based on breach of contract also applies to an eviction proceeding premised on breach of lease (see CPLR 213 [2]; Westminister Props. v Kass, 163 Misc 2d 773 [App Term, 1st Dept 1995]). Citing four lower court decisions concerning chronic late payment of rent, respondent urges that the court “bar from consideration” the 20 nonpayment proceedings petitioner commenced more than six years before this proceeding. Three of those decisions, Mins Ct. Hous. Co., Inc. v Wright (42 Misc 3d 1214[A], 2014 NY Slip Op 50034[U] [Civ Ct, Bronx County 2014]); Crotona Park Hous., L.P. v Joseph (45 Misc 3d 1202[A], 2014 NY Slip Op 51425 [U] [Civ Ct, Bronx County 2014]); and 1975 Realty Assoc., LLC v Castellanos (45 Misc 3d 1218[A], 2014 NY Slip Op 51623[U] [Civ Ct, Bronx County 2014]), were decided by the same judge and do not contain any analysis or citation to appellate authority regarding application of the statute of limitations.
The fourth decision, Adam’s Tower LP v Lynch (NYLJ, Jan. 24, 2007 at 22, col 3 [Civ Ct, NY County 2007]), is more nuanced than respondent lets on and does not directly support his argument. Adam’s Tower was a 2006 proceeding in which the landlord based its claim on allegations of payment of rent leading it to commence nine nonpayment proceedings: four commenced between 1987 and 1994, one in 2001, and four in 2005. The Honorable Peter Wendt granted the tenant’s motion *459 and dismissed that portion of the petition based on commencement of the proceedings between 1987 and 1994. As explained by the court, had the holdover been commenced in 2001 (but prior to the 2001 nonpayment proceeding), the proceeding would have to be dismissed because more than six years had passed since the cause of action last accrued with the commencement of the 1994 nonpayment proceeding.* Because the statute of limitations would have applied to require dismissal of a holdover commenced in 2001,
“[i]t therefore must also apply to any part of the petition [in the 2006 proceeding] that rests upon the 1994 and earlier proceedings, because if the statute of limitations for any claim based upon them had lapsed after May 2000, it has certainly expired now. Petitioner cannot now resurrect a moribund cause of action which was even beyond the six year contractual statute of limitations more than six years before this proceeding was commenced in June 2006” (id,.).
Judge Wendt addressed his decision in Adam’s Tower in a more recent, unreported decision annexed by petitioner to its opposition to respondent’s motion, Chelsea Realty Dev. Corp. v Couceiro (Civ Ct, NY County, Oct. 1, 2015, Wendt, J., index No. LT-84549/14-NY). The issue before the court was the same as here, and it is worth quoting Judge Wendt at length:
“The time within which to commence [a holdover based on breach of lease] ‘shall be computed from the time the cause of action accrued to the time the claim is interposed’ (CPLR 203). A statute of limitations provides a party with an affirmative defense to prevent the prosecution of a claim that was not pursued within the allotted time after its accrual. Here, respondent fundamentally misconstrues the purpose and function of a statute of limitations. It is not a rule of evidence, barring as irrelevant evidence of occurrences or transactions occurring outside the specified period. Rather it is a provision permitting respondent to raise a defense to a cause of action that accrued more remotely in time than the statute permits. The salient question, then, is not whether any of the occurrences or transactions *460 upon which petitioner relies occurred more than six years prior to the commencement of this proceeding, but whether all of them did.
“The fundamental characteristic of a claim of chronic rent delinquency is that there must be a cumulative pattern of unexcused rent delinquency (see 326-330 East 35th Street Assocs. v Sofizade, 191 Misc 2d 329, 333 [App Term, 1st Dept 2002]). The statute of limitations does not function as a rule of evidence to automatically prevent consideration of cases commenced more than six years prior to the commencement of this action. Although the trier of fact may well ultimately decide [ ] that the earlier proceedings were too remote in time to be part of the continuing rent delinquency pattern claimed herein by the landlord, the earlier proceedings may be considered as a matter of evidence. Rather, the statute of limitations could constitute a defense to this proceeding if petitioner’s cause of action for chronic nonpayment were found to have accrued, but not continued, more than six years prior to the commencement of this proceeding.” (Chelsea Realty Dev. Corp., index No. LT-84549/14-NY.)
Neither respondent nor petitioner cites any appellate authority concerning the application of the statute of limitations to a proceeding based on chronic late payment of rent. There are two decisions of the Appellate Term, First Department, that concern chronic late payment of rent and, while not explicitly addressing the statute of limitations head on, do implicitly support petitioner’s opposition to the motion. In Riverton Assoc. v Garland (13 Misc 3d 133[A], 2006 NY Slip Op 51982[U], *1 [App Term, 1st Dept 2006]), the court affirmed the granting of judgment to the landlord after trial where “[t]he record establish [ed] that tenant’s pattern of rent defaults led to the commencement of nine nonpayment proceedings over a 10-year period, which were resolved in landlord’s favor, with no bona fide defenses advanced by the tenant.” Were respondent’s theory correct, then one would expect that the Appellate Term would have excluded, or at least addressed, the proceedings commenced more than six years prior to the holdover.
More recently, in Terrilee 97th St. LLC v Alaharzi (53 Misc 3d 151 [A], 2016 NY Slip Op 51694[U] [App Term, 1st Dept 2016]), the court affirmed dismissal of the petition after trial. In Terrilee the landlord had commenced nine nonpayment proceedings over a 16-year period. In explaining its order the *461 court did cite, in addition to rent abatements and repair issues, the fact that only 2 of the 16 nonpayment proceedings were commenced since 2009. But while the relatively small number of nonpayment proceedings commenced within several years of the holdover did not support a finding of breach as a matter of evidence, there is no indication in the court’s decision that the application of the six-year statute of limitations was an issue. As with Riverton Assoc., the absence of any discussion in the court’s decision regarding statute of limitations undermines respondent’s argument.
Based on the limited appellate authority available and Judge Wendt’s reasoning in Chelsea, the court is not persuaded that the statute of limitations operates so as to require the relief requested by respondent.
Unprosecuted Proceedings/Rent Demands
Respondent argues that the court should “strike from the notice of termination any proceeding [alleged therein] that never appeared on the calendar, as well as any allegations regarding rent demands.” Respondent’s claim seems to be that, even if respondent was unjustifiably late in payment of rent, as long as respondent became current in his rent payments before petitioner sought or obtained judgment in a nonpayment proceeding resulting from that late payment, then evidence that petitioner issued a rent demand or commenced a nonpayment proceeding is irrelevant and cannot be used by petitioner in support of its cause of action.
Quoting the oft-cited Adam’s Tower Ltd. Partnership v Richter (186 Misc 2d 620, 621-622 [App Term, 1st Dept 2000]), the Appellate Term, Second Department recently iterated that a “history of repeated nonpayment proceedings brought to collect chronically late rental payments supports an eviction proceeding on the ground that the tenant has violated a substantial obligation of the tenancy” (31-67 Astoria Corp. v Cabezas, 55 Misc 3d 132[A], 2017 NY Slip Op 50432[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). This has been the law since at least 1960, when the Appellate Term, First Department held that “[t]he need to bring repeated summary proceedings for nonpayment of rent establishes prima facie a violation of the substantial obligation to pay the rent when due” (Stern v Carroll, 28 Misc 2d 507, 508 [App Term, 1st Dept 1960]). But the court continued, “even though, by reason of payment after the proceedings have been begun, [the nonpayment proceedings] do not eventuate in final orders in favor of the landlord” (id.).
*462 Two years earlier, in a decision comprising only two sentences, the Appellate Term held simply that “[t]he repeated and unjustified defaults on the part of the tenant in the payment of rent constitute a violation of a substantial obligation of the tenancy” (Stern v Harrold, 12 Misc 2d 73, 74 [App Term, 1st Dept 1958]). Taken in concert, the decisions support the contention that, while commencement of nonpayment proceedings that result in judgments for the landlord is evidence that the tenant has violated a substantial obligation of his tenancy, and perhaps may even be an element of the cause of action, it is not the only evidence relevant to the cause of action. This contention finds further support in the decision of the Court of Appeals in Sharp v Norwood (89 NY2d 1068 [1997]). In affirming dismissal of the petition, the Court differentiated between the threshold of proof required to establish nuisance and that required to establish breach of a substantial obligation:
“We agree that petitioners failed to prove their claim of nuisance. The specific harm petitioners claimed to have suffered as a result of respondent’s conduct was that they were repeatedly forced to institute nonpayment proceedings and to serve rent demands on respondent to collect chronically late rental payments. While these facts might have supported an eviction proceeding on the ground that respondent violated a ‘substantial obligation’ of her tenancy, petitioners did not assert this ground in their holdover petition.” (Sharp, 89 NY2d at 1069 [citations omitted; emphasis added].)
Despite the clarity in the Court’s decision, respondent cites Sharp for the proposition that “[a] mere showing that the petitioner was forced to make demands for rent and commence nonpayment proceedings is not sufficient to support eviction for chronic nonpayment of rent.” But respondent’s reliance on Sharp is misplaced, to say the least. Sharp stands for the exact opposite proposition that respondent cites it for.
Yet some evidence supporting respondent’s argument may be found in 31-67 Astoria Corp. v Cabezas (2017 NY Slip Op 50432 [U]). In that chronic late payment case the lower court had granted summary judgment in favor of the tenant and the Appellate Term reversed, “[i]n light of the three nonpayment proceedings [discussed therein] and tenant’s payment history” (id. at *2). But in addition to the three nonpayment proceedings just mentioned, there were three other proceedings that had been “discontinued or not pursued” and “were therefore *463 correctly not charged against tenant by the Civil Court” (id., citing Chama Holding Corp. v Taylor, 37 Misc 3d 70 [App Term, 1st Dept 2012] [affirming denial of landlord’s motion for summary judgment]).
Ultimately, respondent’s request is more directed towards an issue of evidence (whether evidence of rent demands not followed by a proceeding or proceedings never calendared is relevant to petitioner’s cause of action) than one justiciable on a motion for summary judgment. On the record before it, and considering the apparent tension between Sharp and Cabezas, the court will not “strike” from the notice of termination the allegations that petitioner issued rent demands and commenced nonpayment proceedings that were not calendared, without prejudice to respondent’s right to raise this claim before the trial court.
Pre-Lease Nonpayment Proceedings
Petitioner alleges in its notice of termination that by virtue of his late payment respondent has breached paragraph three of his lease signed in May 2004. Accordingly, that portion of the petition based on rent payments due prior to the date of that lease is hereby dismissed.
Discovery/Stay
Respondent’s motion for leave to conduct discovery is granted insofar as petitioner is directed to provide respondent with copies of all the documents from the court files in connection with the index numbers alleged in the petition that are in its custody and control, within 14 days of service of this decision with notice of its entry.
From petitioner’s opposition to respondent’s request for discovery, it seems apparent that petitioner does not have copies of the court files on which it is relying in this case, and thus a stay may be warranted. As the parties are no doubt aware, procuring older files from the court’s archives can take several months or longer. Neither party addresses whether the proceeding can proceed to trial without those files. Accordingly, that portion of respondent’s motion seeking a stay pending respondent’s ability to procure the files from the court archive (in the absence of petitioner’s provision of the files) is denied without prejudice to renewal by either party upon sufficient briefing.
Use and Occupancy
Regarding payment or deposit of use and occupancy, the court’s authority to direct said relief is governed by RPAPL 745 *464 (Front St. Rest. Corp. v Ciolli, 55 Misc 3d 104 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
“RPAPL 745 (2) (a) allows a court, ‘upon the second of two adjournments at the request of the respondent, or, upon the thirtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, whichever occurs sooner,’ upon an application by the landlord, to direct that a tenant deposit use and occupancy with the court or pay it to landlord” (id. at 106).
On the record before the court, the proceeding has not been adjourned twice at the request of respondent, nor has 30 days elapsed, within the meaning of RPAPL 745 (2) (a), as all of the adjournments except for today had been consented to by the parties (see Myrtle Venture Five, LLC v Eye Care Opt. of NY, Inc., 48 Misc 3d 4, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [reversing entry of judgment and holding that “RPAPL 745 (2) (a) (ii) ... is inapplicable in the case at bar since December 10, 2012, when the parties entered into the so-ordered stipulation in which tenant agreed to pay use and occupancy, was not the second of two adjourned dates requested by tenant, and 30 days had not elapsed within the meaning of RPAPL 745 (2) (a) (ii), as all of the adjournments except for one had been consented to by the parties” (citation omitted)]). Accordingly, the court is constrained to deny petitioner’s request for payment or deposit of use and occupancy.
Conclusion
Respondent is granted summary judgment on his fourth affirmative defense and leave to conduct discovery in accordance with the above decision. The balance of respondent’s motion for summary judgment is denied. That portion of the motion seeking a stay is denied without prejudice.
Petitioner’s motion is denied without prejudice.

 Judge Wendt does not address whether, had petitioner alleged a history of late payment after 1994, but no eviction proceedings, the result would be the same.