Tomfol Owners Corp. v Hernandez (2022 NY Slip Op 00069)





Tomfol Owners Corp. v Hernandez


2022 NY Slip Op 00069


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Index No. 160519/19 Appeal No. 14976 Case No. 2021-02742 

[*1]Tomfol Owners Corp., Plaintiff-Appellant,
v
Ismael Hernandez, Defendant-Respondent, John Doe One, et al., Defendants.


Vernon & Ginsburg, LLP, New York (Yoram Silagy of counsel), for appellant.
Mobilization for Justice, Inc., New York (Patrick Tyrrell of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.) entered on or about July 23, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment and, upon a search of the record, dismissed the cause of action for ejectment without prejudice, unanimously affirmed, with costs.
This action arises out of a dispute in which plaintiff's shareholders voted to terminate defendant's tenancy on the basis that he had engaged in objectionable conduct within the meaning of RPAPL 711. Under article IV, paragraph 1(f) of the parties' proprietary lease, "objectionable conduct" is defined as "[r]epeatedly to violate or disregard the rules and regulations . . . of this lease or to permit or tolerate a person who disrupts or infringes on the peace or privacy of other shareholders . . . if such conduct continues after the above-mentioned 15-day notice of default."
Neither party disputes that plaintiff sent defendant a 30-day notice of default, dated March 19, 2019, stating, that he had 30 days from the date of the notice to cure his defaults, and that the notice was served on defendant at his daughter's home in the Bronx, where defendant was staying after a fire had rendered his apartment uninhabitable. A 15-day notice, dated May 7, 2019, which was also served on defendant and was predicated on the allegations set forth in the 30-day notice, did not contain any new allegations, and also expressly gave defendant a right to cure. Plaintiff alleged no objectionable conduct occurring after the 15 days following service of the May 7 notice to cure. According to plaintiff's president, defendant's objectionable conduct was not documented again after service of the notices because he was not living in his apartment after it had been damaged in the fire.
The motion court correctly determined that the ejectment action could not be predicated solely on plaintiff's business judgment, and that a search of the record and dismissal of the claim without prejudice was warranted. Without new allegations about defendant's conduct arising after service of the notices, and having expressly stated in both notices that defendant had a right to cure, plaintiff's board of directors acted outside the scope of its authority because it failed to adhere to the procedures required under the proprietary lease for terminating a tenancy on the basis of objectionable conduct (see 40 W. 67th St. Corp. v Pullman , 100 NY2d 147, 155-156 [2003]). Likewise, there was no basis under the proprietary lease for plaintiff to proceed with the shareholder vote to terminate defendant's tenancy. As a result, plaintiff's determination to terminate defendant's tenancy is not protected under the business judgment rule (id. at 157).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022