Eastmore Owners Corp. v Zelmanovich (2024 NY Slip Op 51599(U))

[*1]

Eastmore Owners Corp. v Zelmanovich

2024 NY Slip Op 51599(U)

Decided on November 25, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 25, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570427/24

Eastmore Owners Corp., Petitioner-Landlord-Respondent, 
against
Blance Zelmanovich, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Tracy Ferdinand, J.), dated January 4, 2024, which denied her motion to dismiss the petition in a holdover summary proceeding.

Per Curiam.
Order (Tracy Ferdinand, J.), dated January 4, 2024, affirmed, with $10 costs.
Tenant-shareholder's motion to dismiss the holdover petition, based upon claimed deficiencies in the notices of default and termination served by the cooperative corporation, was properly denied. The notice of default provided a fact-specific description of the offending conduct, i.e., "excessive and disturbing noise" emanating from tenant's apartment resulting from the "fail[ure] to control [her] dog's incessant barking," and included a log of complaints that building staff received from residents concerning the dates and times of constant barking from March 2021-December 2021. The notice also cited the relevant proprietary lease provisions and House Rules violated, and warned tenant that the lease was terminable upon her failure to cure the default by "preventing [her] dog's incessant barking or permanently removing [her] dog from the apartment by January 31, 2022" (see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]; 49 W. 12 Tenants Corp. v Seidenberg, 6 AD3d 243 [2004]). The February 2022 notice of termination, which incorporated the notice of default, notified tenant that her lease was terminated because she "continued to permit excessive and disturbing noise to emanate from the apartment by failing to control [her] dog's incessant barking" (see City of New York, v Valera, 216 AD2d 237 [1995]; cf. Tomfol Owner Corp. v Hernandez, 201 AD3d 453 [2022]).
Tenant's remaining contentions are improperly raised for the first time on appeal or without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur Decision Date: November 25, 2024