Matter of Federation of Orgs. for the N.Y. State Mentally Disabled, Inc. v Lindsay (2024 NY Slip Op 06124)

Matter of Federation of Orgs. for the N.Y. State Mentally Disabled, Inc. v Lindsay

2024 NY Slip Op 06124

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. Index No. 570812/23 Appeal No. 3180 Case No. 2024-00323 

[*1]In the Matter of Federation of Organizations for the New York State Mentally Disabled, Inc. Also Known as Federation of Organizations, Petitioner-Respondent,
v
Antoine Lindsay, Respondent-Appellant.

The Bronx Defenders, Bronx (Adam Markovics of counsel), for appellant.
Andrew J. Levitt Atty P.C., Melville (Andrew J. Levitt of counsel), for respondent.

Order, Appellate Term, First Department (Brigantti, Tisch, Michael, JJ.), entered October 17, 2023, reversing the order of Civil Court, Bronx County (Omer Shahid, J.), entered April 3, 2023, which dismissed the holdover petition based on an insufficient predicate notice, unanimously reversed, on the law, without costs, and the petition dismissed.
The landlord's argument that the lease terminated upon the expiration of the cure period set forth in the default notice is unavailing. Contrary to the landlord's contention, paragraph 25 of the lease specifically states that the notice of default must "giv[e]" the tenant 30 days to cure or, in the event of an imminent risk to the building or other tenants, the landlord may serve a three-day notice, which the landlord did not do.
Unlike the cases cited by the landlord, this is not a case in which the landlord deemed the default incurable and proceeded without a notice to cure (see Adam's Tower Ltd. Partnership v Richter, 186 Misc 2d 620, 622 [App Term, 1st Dept 2000] ["notice to cure was not required because the cumulative pattern of tenants' course of conduct was incapable of "cure" within 10 days"]; see also 159 W. 23rd LLC v Spa Ciel De NY Corp., 66 Misc 3d 139[A], 2020 NY Slip Op 50122[U] [App Term, 1st Dept 2020]). Here, rather, the landlord elected to serve a default notice under the lease, which stated that the tenant had the opportunity to cure and that his tenancy would be terminated in the event that he "fail[ed] to cure the violation on or before July 28, 2022." In these circumstances, where the landlord serves a default notice providing a cure period and stating that the lease would be terminated upon failure to cure the lease violation, the termination must adhere to the lease procedures that allow the tenant to cure the default as provided in the notice (see e.g. Tomfol Owners Corp. v Hernandez, 201 AD3d 453, 454 [1st Dept 2022]). Civil Court properly determined that the termination notice was insufficient to maintain the holdover proceeding, warranting dismissal of the petition and reversal of the Appellate Term order. Appellate Term should not have opined on the rent-regulated status of the apartment as it was not raised by the parties. We decline to reach the issue now, because the record is not sufficiently developed on this question (see e.g. McHale v Anthony, 41 AD3d 265, 266 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024