135 W. 89th St., Hous. Dev. Fund Corp. v Powell (2025 NY Slip Op
51534(U))

[*1]

135 W. 89th St., Hous. Dev. Fund Corp. v Powell

2025 NY Slip Op 51534(U) [87 Misc 3d 128(A)]

Decided on September 29, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 29, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570629/25

135 West 89th Street, Housing
Development Fund Corporation, Petitioner-Landlord-Appellant,
againstGregg Powell,
Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New
York County (Frances A. Ortiz, J.), dated May 16, 2024, which granted tenant's motion
to dismiss the petition in a holdover summary proceeding.

Per Curiam.
Order (Frances A. Ortiz, J.), dated May 16, 2024, affirmed, with $10 costs.
Landlord commenced this holdover proceeding alleging that tenant breached the
proprietary lease and House Rules "by failing to maintain and repair [his] apartment and
keep it in a good state of preservation and cleanliness." It was alleged, among other
things, that tenant accumulated garbage and debris in his apartment, causing noxious
odors and an infestation of roaches and vermin. Prior to the commencement of the
proceeding, landlord served tenant with a notice to cure the specified defaults and,
subsequently, a notice to terminate which alleged "your failure to cure or remedy the
multiple defaults" specified in the notice to cure.
Measured against the test of reasonableness in view of the attendant circumstances
(see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]), we agree
that the notice of termination served by landlord was insufficient to serve as a predicate
for this holdover proceeding. Other than the conclusory assertion that tenant failed to
cure, the notice failed to contain any factual allegations to support the conclusion that the
defaults specified in the notice to cure had not been cured during the cure period (see
Tomfol Owners Corp. v Hernandez, 201 AD3d 453, 454 [2022]; see also Matter
of Federation of Orgs. for the NY State Mentally Disabled, Inc. v Lindsay, 233
AD3d 444 [2024]). This failure is particularly noteworthy in this case given that Adult
Protective Services performed multiple cleanings of the apartment during the cure
period. Landlord's claim that tenant was present in the apartment during their inspection
and that tenant was verbally notified that "he had not yet fully cleaned and restored the
unit to a proper condition" is unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: September 29, 2025