415 E. 12th St. Hous. Dev. Fund Corp. v Duran (2026 NY Slip Op 00827)

415 E. 12th St. Hous. Dev. Fund Corp. v Duran

2026 NY Slip Op 00827

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 153014/24|Appeal No. 5848|Case No. 2025-04506|

[*1]415 East 12th Street Housing Development Fund Corporation, Plaintiff-Appellant,
vErasmo Duran et al., Defendants-Respondents.

B.K. Robinson Law, P.C., New York (Jose Luis Torres of counsel), for appellant.
The Riggio Law Firm, New York (Dorothy H. Riggio of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered June 23, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its first, second, and third causes of action declaring defendant Erasmo Duran's proprietary lease and shares were duly canceled, declaring that plaintiff is entitled to specific performance by defendant of the provisions of the proprietary lease requiring him to surrender the shares and proprietary lease, and for an order of ejectment, and dismissing defendants' first, second, third, and seventh counterclaims; granted defendants' cross-motion for summary judgment on their breach of contract counterclaim to the extent of declaring void plaintiff's termination of defendant's stock and proprietary lease, and dismissing plaintiff's first through third causes of action, unanimously modified, on the law, and plaintiff's motion granted only to the extent that all of defendant's counterclaims are dismissed, and otherwise affirmed, without costs.
On July 12, 2023, plaintiff cooperative housing corporation mailed a notice of default to defendant Erasmo Duran both by certified mail, return receipt requested, and by first class mail. The default notice afforded defendant a 30-day opportunity to cure his alleged objectionable conduct. The notice advised defendant that he was in default under the lease and that he had violated the lease provision pertaining to unreasonable noise or annoyance of other shareholders. Although the notice was missing a page, it included a single paragraph that referred to defendant's continuing conduct in yelling at and harassing residents in the hallways and on the street, slamming doors, screaming obscenities outside residents' doors, and playing music loudly while leaving the door open. There were no specific instances of conduct described. The USPS tracking information reflects that delivery of the notice of default was marked "refused."
On August 23, 2023, plaintiff issued a notice of termination which advised defendant that his proprietary lease and shares were canceled as of August 31, 2023, due to continuing objectionable conduct. While the notice of termination included dates and detailed descriptions of more than ten incidents, each preceded the 30-day cure period set forth in the July 12 notice of default. The notice of termination also included the same nonspecific boilerplate paragraph from the notice of default claiming that defendant continued his objectionable conduct. The notice of termination demanded defendants' vacatur and surrender of the apartment by or before August 31, 2023. The USPS tracking information for the notice of termination reflects that it was "refused."
The court should have found that defendants' counterclaims are barred by the statute of limitations applicable to CPLR article 78 proceedings. Where, as here, the gravamen of the counterclaims is a challenge to a final determination by a board of directors, "such challenge is to be made in the form of an article 78 proceeding and must be commenced within four months after the determination to be reviewed becomes final and binding upon" defendant (Dau v 16 Sutton Place Apt. Corp., 205 AD3d 533, 534-535 [1st Dept 2022] [internal quotation marks omitted]; see also Musey v 425 E. 86 Apts. Corp., 154 AD3d 401, 403-404 [1st Dept 2017], lv dismissed 31 NY3d 1065 [2018]; CPLR 217[1]). Defendants' attempt to couch their counterclaims as sounding in breach of the proprietary lease is unavailing (see Dau, 205 AD3d at 535).
However, the court correctly declared that plaintiff did not validly terminate defendants' lease or proprietary shares because the notice of termination was defective. Plaintiff's argument that the court incorrectly focused on the notice of default misses the mark. The notice of termination failed to include "new allegations about defendant's conduct arising" during the cure period (see e.g. Tomfol Owners Corp. v Hernandez, 201 AD3d 453, 454 [1st Dept 2022]). This defect in the notice of termination necessitates dismissal of plaintiff's first three causes of action (see 49 W. 12 Tenants Corp. v Seidenberg, 6 AD3d 243, 244 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026