■ In the Matter of Jo-Fra Properties, Inc., Appellant, to Remove to the Supreme Court of the State of New York, County of New York, a Proceeding now Pending in the City of New York, Office of Administrative Trials and Hearings, OATH Index No. 1019/05, Loft Bd Dkt. No. TR-0763, entitled: In the Matter of Tenants of 51-55 West 28th Street, Respondents. New York City Loft Board, Nonparty Respondent. [813 NYS2d 63]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered December 8, 2005, which, insofar as appealed from, denied petitioner building owner's application to "remove and transfer" to Supreme Court a proceeding seeking coverage under Multiple Dwelling Law article 7-C (the Loft Law) brought by respondents tenants before the New York City Loft Board and pending before the New York City Office of Administrative Trials and Hearings (OATH), unanimously affirmed, with costs in favor of respondents-respondents, payable by petitioner-appellant.

Petitioner does not claim that the Loft Board or OATH are acting beyond their jurisdiction to determine Loft Law cover-

age, but that their limited jurisdictions prevent them from entertaining petitioner's defenses, rendering its participation in the administrative process a futility. In particular, petitioner asserts that Loft Law coverage is barred by the doctrines of laches, estoppel and waiver because, as a result of respondents' long delay in seeking such coverage, the current conditions of the subject buildings make their rehabilitation in compliance with the Loft Law a physical impossibility and fiscal hardship, and the current owners of the buildings, who are the children of the prior owners, lack knowledge of qualifying residential occupancies in the buildings during the long-past critical window period. Indeed, the instant application for "removal" was made after the OATH Administrative Law Judge had ruled that petitioner's hardship claim was time-barred, and that the Loft Board lacks jurisdiction to entertain equitable defenses (the physical impossibility claim was dismissed as "unripe" without prejudice to renewal after determination of the coverage issue). Assuming judicial jurisdiction concurrent with the Loft Board, resort to the courts should be withheld in deference to the Loft Board's expertise (*see Eli Haddad Corp. v Redmond Studio*, 102 AD2d 730 [1984]; *EPDI Assoc. v Conley*, 7 AD3d 755, 755-756 [2004]). We note that neither NY Constitution, article VI, § 19 nor CPLR 325 (b), both invoked by petitioner, authorizes removal of a matter pending before an administrative agency to Supreme Court, and no cases are cited by petitioner in which a court removed an administrative proceeding to itself. Even if we were to take up the matter, we would find that coverage under a rent regulatory scheme is governed by statute and may not be created or destroyed by laches, waiver and estoppel (*see Ruiz v Chwatt Assoc.*, 247 AD2d 308 [1998]). Petitioner makes no claim of waiver under the Loft Law (*see* Multiple Dwelling Law § 286 [12]). Nor does it avail petitioner, at this juncture, before it has exhausted its administrative remedies, to couch its claims in terms of a constitutional deprivation of due process (*see Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]). We have considered petitioner's other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Sullivan, JJ.