■ 191 CHRYSTIE LLC, Respondent, v BARRY LEDOUX, Also Known as BARRY SONNIER, Appellant. [872 NYS2d 6]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered March 17, 2008, which, in this declaratory judgment action by plaintiff owner to determine whether defendant is a

protected tenant under Multiple Dwelling Law article 7-C (Loft Law), denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Defendant failed to demonstrate compliance with, or even address, the rule governing a prime tenant's right to protected tenant status upon recovery of vacated space (*see* NY City Loft Board Regulations [29 RCNY] § 2-09 [c] [5] [iii]). Defendant's reliance on a statement regarding his potential future rights made by the Loft Board in a 1985 order is misplaced. The 1985 order never determined whether defendant was a protected tenant and the statement constituted nonbinding dicta and did not bar this action (*see Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57, 59 [2006]; *Donahue v Nassau County Healthcare Corp.*, 15 AD3d 332 [2005], *lv denied* 5 NY3d 702 [2005]). Since this action does not challenge the 1985 Loft Board order, the statute of limitations and laches defenses are unavailing, and in any event, laches cannot give rise to defendant's claimed right (*see Matter of Jo-Fra Props., Inc.*, 27 AD3d 298, 299 [2006], *lv denied* 8 NY3d 801 [2007]). Furthermore, contrary to defendant's contention, plaintiff did not allege in a holdover petition that defendant was a protected tenant.

We have considered and rejected defendant's remaining contentions. Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ. [*See* 2008 NY Slip Op 30734(U).]