Ecumenical Community Dev. Org., Inc. v GVS Props. II, LLC (2019 NY Slip Op 00360)





Ecumenical Community Dev. Org., Inc. v GVS Props. II, LLC


2019 NY Slip Op 00360


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


8133 156405/12

[*1]Ecumenical Community Development Organization, Inc., Plaintiff-Respondent-Appellant, Ruth Walton, Intervenor Plaintiff-Respondent,
v
GVS Properties II, LLC, et al., Defendants-Appellants-Respondents, BP11-3915 Broadway LLC, et al., Defendants.


Golino Law Group, PLLC, New York (Santo Golino of counsel), for appellants-respondents.
Amsterdam & Lewinter, LLP, New York (Robert H. Gordon of counsel), for respondent-appellant.
Manhattan Legal Services, New York (Shantonu J. Basu of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered July 19, 2017, which granted defendants GVS Properties II, LLC and Alma Realty Corp.'s motion for summary judgment to the extent of dismissing the third cause of action as against them, and denied the motion as to the remaining causes of action, unanimously modified, on the law, to grant the motion as to the remaining causes of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Defendants landlords demonstrated that the apartment leased by plaintiff Ecumenical Community Development Organization (ECDO) and occupied by intervenor plaintiff was not subject to rent regulation because the lawful monthly rent had increased to more than $2,000 (see Administrative Code of City of NY § 26-504.2). They established the base rent through the Division of Housing and Community Renewal's summary of the registered rents (see Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 684 [1st Dept 2011]), and made a prima facie showing of the claimed improvements by submitting a detailed invoice from the contractor identifying the apartment and itemizing all work done (see Lirakis v 180 Seventh Ave. Assoc., LLC, 12 Misc 3d 1173[A], 2006 NY Slip Op 51211[U], *4-5 [Civ Ct, NY County 2006], affd 15 Misc 3d 128[A] [App Term, 1st Dept 2007]). Intervenor plaintiff's conclusory claim that the renovations were not made failed to raise an issue of fact (see Taylor v 72A Realty Assoc., L.P., 151 AD3d 95, 103—104 [1st Dept 2017]). The fact that the invoice from the contractor and the check paid to it were business records of defendants' predecessor is no bar to the documents' admissibility (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]).
While defendants knew of intervenor's occupancy, they never affirmatively recognized her as a tenant (see Johny v Tolbert, 8 Misc 3d 130[A], 2005 NY Slip Op 51043[U] [App Term, 2d Dept 2005]; see also Matter of Jo-Fra Props., Inc., 27 AD3d 298, 299 [1st Dept 2006] ["coverage under a rent regulatory scheme is governed by statute and may not be created or destroyed by laches, waiver and estoppel"], lv denied 8 NY3d 801 [2007]).
It is undisputed that ECDO, a nonprofit organization, leased the apartment from defendants' predecessor so that it could temporarily relocate intervenor plaintiff while it was renovating a separate residence for her. Intervenor plaintiff never paid rent directly to defendants [*2]or their predecessors and her occupancy was solely pursuant to a written temporary relocation agreement. Nor was this an illusory tenancy, because the prime tenant was not profiting from it, and there was no violation of the rent laws (see Primrose Mgt. Co. v Donahoe, 253 AD2d 404 [1st Dept 1998]).
Regardless of whether ECDO made a proper request for assignment of its one year temporary lease to the intervenor plaintiff, it was not unreasonable for defendants to withhold their consent in light of intervenor-plaintiff's inability to pay the rent.
In light of the foregoing, we need not reach plaintiff's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK