Tantallon Austin Hotel, LLC v Wilmington Trust, N.A. (2022 NY Slip Op 05778)

Tantallon Austin Hotel, LLC v Wilmington Trust, N.A.

2022 NY Slip Op 05778

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 654312/21 Appeal No. 16437 Case No. 2022-00784 

[*1]Tantallon Austin Hotel, LLC, Plaintiff-Appellant,
v
Wilmington Trust, National Association, etc., et al., Defendants-Respondents.

Couiello Weber & Dahill LLP, White Plains (William F. Dahill of counsel), for appellant.
Holland & Knight LLP, New York (David V. Mignardi of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about January 19, 2022, which granted defendants' motion to dismiss the complaint, and declared that plaintiff is not entitled to a return of the liquidation fee it had paid to defendants, unanimously modified, on the law, to reinstate the breach of contract claim against defendant Wilmington Trust, National Association (the trust), reinstate the unjust enrichment claim against both defendants and vacate the court's declaration that plaintiff is not entitled to a return of the liquidation fee, and otherwise affirmed, without costs.
Plaintiff sufficiently stated a claim for breach of contract against the trust by alleging that the trust is an assignee of the loan agreement and that it breached the agreement by charging, and then failing to reimburse, a liquidation fee that was never incurred. However, plaintiff failed to state a cause of action for breach of contract against defendant Midland Loan Services given plaintiff's concession that it enjoys no contractual relationship with Midland, as Midland could not have breached a contract to which it was not a party (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]).
Nor was the trust entitled to dismissal of the complaint based on the documentary evidence (CPLR 3211[a][1]). Here, the documentary evidence submitted by defendants in support of dismissal — the loan agreement and the Pooling and Servicing Agreement (PSA), to which plaintiff was not a party and did not see before this litigation — did not "utterly refute" plaintiff's claims, or "conclusively establish[]" defendant's right to the liquidation fee as a matter of law (see Goshen v Mutual Life Ins. Co. of New York, 98 NY2d 314, 326 [2002]). At most, the terms of the loan agreement create an ambiguity as to defendants' entitlement to a liquidation fee that is not subject to resolution on a CPLR 3211(a)(1) motion (see e.g. Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc. 20 NY3d 59, 64 [2012]). The PSA also fails to conclusively establish defendants' entitlement to the liquidation fee, as defendants do not point to any provision of the PSA that conclusively establishes that plaintiff (or anyone) was obliged to pay this fee in connection with plaintiff's default and early payoff of the loan.
Nor have defendants established that the voluntary payment doctrine served as an absolute bar to plaintiff's breach of contract claims. Plaintiff was not a party to the PSA and was allegedly unaware of the factors triggering a "liquidation fee," a penalty that was lumped in with various other costs and fees that plaintiff was required to pay in connection with defaulting on the loan. Further, the timing and circumstances of the sale, which required the loan to be fully paid off before the sale could go through, meant that time was of the essence, and thus plaintiff, even if it was aware that it was being charged an improper [*2]"liquidation fee," had a limited time to discern the issue before closing. Finally, the disclaimer in the preliminary payoff quotes stated that all overages would be subject to a refund (see e.g. 208-234 Falls St. v New York Cent. R.R. Co., 21 NY2d 172, 179 [1967]). Given that there remain factual issues whether plaintiff paid the liquidation fee with "full knowledge of the facts" (U.S. Bank, N.A. v Cordero, 191 AD3d 490, 491 [1st Dept 2021]) or that it "perceive[d] that an improper demand for money" before paying the amount due (DRMAK Realty LLC v Progressive Credit Union, 133 AD3d 401, 403 [1st Dept 2015]), the breach of contract claim should not have been dismissed based on this doctrine (id.).
At this early stage of the litigation, the court should not have found that the unjust enrichment claim was duplicative, as there is no contract between plaintiff and Midland (see Corsello v Verizon New York, Inc., 18 NY3d 777, 790-791 [2012]). Moreover, the particular subject matter of the enrichment claim — namely, the liquidation fee — has not been established to be encompassed by plaintiff's loan agreement (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022