G&Y Maintenance Corp. v McSam Hotel Group LLC (2023 NY Slip Op 06807)

G&Y Maintenance Corp. v McSam Hotel Group LLC

2023 NY Slip Op 06807

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Index No. 653714/20 Appeal No. 1327 Case No. 2022-04322 

[*1]G&Y Maintenance Corp., Plaintiff-Appellant,
v
McSam Hotel Group LLC et al., Defendants-Respondents.

Law Office of J.G. Toth, Flushing (Jerry Toth of counsel), for appellant.
Kaufman Dolowich & Voluck LLP, Woodbury (Adam M. Marshall of counsel), for McSam Hotel Group LLC and RS 206 LLC, respondents.
Levine Singh, LLP, Hicksville (Brian M. Levine of counsel), for Core Continental Construction LLC and Chung-Lin Chiang, respondents.

Order, Supreme Court, New York County (Debra James, J.), entered August 19, 2022, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
As an initial matter, the court properly applied defendants' dismissal motions to plaintiff's second amended complaint (see Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 38 [1st Dept 1998]).
The second amended complaint — asserting causes of actions for breach of contract, account stated, breach of a fiduciary duty, fraud, and unjust enrichment — was properly dismissed as time-barred (CPLR 3211[a][5]). Plaintiff's allegations, even if accepted as true and viewed in the light most favorable to plaintiff (Stewart v Amber, 209 AD3d 513, 513 [1st Dept 2022]), established that the claims accrued at the latest in 2013, when plaintiff became entitled to demand payment (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]; Golden Tech. Mgt., LLC v NextGen Acquisition, Inc., 138 AD3d 625 [1st Dept 2016], lv denied 28 NY3d 914 [2017]). This action was commenced more than six years later, in 2020, and is therefore untimely (see CPLR 213[2], [8]; see also IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]; Maya NY, LLC v Hagler, 106 AD3d 583, 585 [1st Dept 2013]; Elie Intl., Inc. v Macy's W. Inc., 106 AD3d 442, 443 [1st Dept 2013]).
We have considered plaintiff's arguments to the contrary, including its equitable estoppel argument (see G & Y Maintenance Corp. v Core Cont. Constr. LLC, 215 AD3d 553, 554 [1st Dept 2023]), and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023