Interstate Indem. Co. v East 77 Owners Co., LLC (2024 NY Slip Op 00679)

Interstate Indem. Co. v East 77 Owners Co., LLC

2024 NY Slip Op 00679

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, O'Neill Levy, Michael, JJ. 

Index No. 650794/22 Appeal No. 1614 Case No. 2023-00392 

[*1]Interstate Indemnity Company, Plaintiff-Respondent,
v
East 77 Owners Co., LLC, Defendant-Appellant.

Segal, McCambridge, Singer & Mahoney, Ltd, New York (Jeffrey M. Marchese of counsel), for appellant.
Bruno Gerbino Soriano & Aitken, LLP, Melville (Alfred C. Polidore of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 9, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the first and second causes of action pursuant to CPLR 3211(a)(1), (a)(5), and (a)(7), unanimously affirmed, with costs.
The April 2011 settlement agreement between plaintiff and defendant does not utterly refute plaintiff's allegations seeking recovery from defendant to the extent defendant received such monies from nonparty S.T.A. Parking Corp. (STA) pursuant to an assignment agreement between STA and defendant (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). The settlement agreement allowed plaintiff to recover from proceeds of "any settlements of or judgments in the Litigation that are actually recovered from the defendants or their insurers" in excess of $1.2 million. "Litigation" was defined as four actions commenced by plaintiff and defendant against STA and Golden Vale Construction Corp. (Golden Vale), among others, seeking damages for an incident in which defendant's real property was damaged. Although STA's actions against its insurers and Golden Vale were not among the actions included in the Litigation, STA's assignment agreement with defendant was pursuant to the Litigation in that defendant would collect from STA only those amounts STA recovered from its insurers, Golden Vale, and others in exchange for not pursuing collection of defendant's judgments against STA in the Litigation. That STA used funds obtained through its own litigation to pay defendant does not change this fact. Indeed, the settlement agreement specifically allows plaintiff to collect from the defendants in the STA actions, as they were all either "defendants" in the Litigation "or their insurers."
Moreover, since STA agreed to pay, and ultimately did pay, defendant in exchange for defendant not executing on judgments against it, the assignment agreement is a "settlement," the proceeds of which were "actually recovered" by defendant. Defendant's argument, raised for the first time on appeal, that the "actual recovery" language must be subject to parol evidence is unavailing on a CPLR 3211(a)(1) motion to dismiss. Even if the argument had been raised before the motion court, and even if the language is ambiguous, the very fact that parol evidence may be needed means that the settlement agreement itself does not utterly refute Interstate's factual allegations (see Goshen, 98 NY2d at 326; Tantallon Austin Hotel, LLC v Wilmington Trust, N.A., 209 AD3d 513, 514 [1st Dept 2022]). Because defendant's recoveries pursuant to the assignment agreement are recoveries it obtained pursuant to the Litigation, plaintiff's rights to a portion of such recoveries fall within the "rights specifically set forth in this agreement" that the release clauses specifically excluded from plaintiff's release.
The settlement agreement also does not utterly refute plaintiff's allegation that [*2]it is entitled to a portion of the $1 million STA obtained through its litigation against Axis Specialty Insurance Company (Axis). Nothing in the settlement agreement's language entitling plaintiff to "all proceeds collected above $1.2 million, from the defendants or their insurers" requires a given entity to pay at least $1.2 million to defendant for plaintiff to recover. Defendant does not explain how language to the effect that "[plaintiff] shall have no rights with respect to any judgment or settlement unless and until proceeds are actually collected by [defendant]" is inconsistent with this interpretation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024