Matter of Gunther v Cruz (2024 NY Slip Op 01248)

Matter of Gunther v Cruz

2024 NY Slip Op 01248

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Index No. 652160/22 Appeal No. 1823 Case No. 2023-00670 

[*1]In the Matter of Ingo Gunther et al., Petitioners, Thomas Brigham, Petitioner-Appellant,
v
Martha Cruz etc., et al., Respondents-Respondents.

Thomas Brigham, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for Martha Cruz, respondents.
Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for B. Jaffe Real Estate Holdings LLC and 6R Tribeca Owner 2021 LLC, respondents.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered October 5, 2022, which, to the extent appealed from as limited by the briefs, upon granting petitioner's motion for leave to amend the petition, granted respondent Loft Board Executive Director (Cruz)'s cross-motion to dismiss the amended petition, and denied, as against respondents former net lessee and current owner (together, owner) of petitioner's loft apartment building, the amended petition seeking to enjoin or annul a March 28, 2022 Loft Board determination to issue an amended certification of compliance with the narrative statement process and to compel Cruz to recuse herself from considering any cases involving owner, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court "properly applied" Cruz's cross-motion and owner's answer as against the amended petition (G&Y Maintenance Corp. v McSam Hotel Group LLC, 222 AD3d 586, 586-587 [1st Dept 2023]; see 49 W. 12 Tenants Corp. v Seidenberg, 6 AD3d 243, 243 [1st Dept 2004] ["The motion court properly considered defendant's motion to dismiss as against the proffered amended complaint"]).
Supreme Court also correctly dismissed the amended petition, to the extent that it sought judicial review of the March 28, 2022 determination, as petitioner failed to exhaust his administrative remedies (see CPLR 7801[1]; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194-195 [2007]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]). Specifically, the Loft Board's "decision on petitioner's administrative appeal was still outstanding when this proceeding was commenced" (Matter of Borrero v Banks, 212 AD3d 496, 497 [1st Dept 2023], lv denied 40 NY3d 903 [2023]). Indeed, the record demonstrates that petitioner participated in the narrative statement process, he was provided the requisite 40 days to comment or submit an alternate application plan, and Cruz made her determination after finding that Owner complied with the regulatory requirements under that process (former 29 RCNY 2-01[d][2][v]-[ix], [xi][A][a], [xiii]). Moreover, Cruz advised petitioner of his right to appeal within 45 days, and petitioner appealed to the Loft Board before Supreme Court entered the order to show cause by which petitioner and other tenants commenced this proceeding (former 29 RCNY 1-07.1[1][a][1], [1][b]).
Contrary to petitioner's contention, no exception to exhaustion applies here. Though he "couch[es]" his "claims in terms of a constitutional deprivation of due process" (Matter of Jo-Fra Props., Inc., 27 AD3d 298, 299 [1st Dept 2006], lv denied 8 NY3d 801 [2007]), the constitutionality exception "is limited to situations where the statute or administrative scheme itself is alleged to be unconstitutional, thus undermining the legality of the entire proceeding," which is not the case here (Martinez [*2]2001 v New York City Campaign Fin. Bd., 36 AD3d 544, 549 [1st Dept 2007]). "[M]erely asserting a constitutional violation will not excuse a litigant from first pursuing administrative remedies that can provide the requested relief" (Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995], cert denied 516 US 944 [1995]). Further, petitioner's administrative appeal would not be futile, given that Cruz is not a member of the Loft Board, which will be hearing and deciding the appeal or any of the other applications referenced in the amended petition (see Matter of Johnson v Office of Health Sys. Mgt. of N.Y. State Dept. of Health, 251 AD2d 20, 20 [1st Dept 1998]).
Finally, Supreme Court properly dismissed the claim seeking to compel Cruz to recuse herself from cases involving owner, since petitioner does not demonstrate "a clear legal right to the relief demanded and . . . a corresponding nondiscretionary duty on the part of the administrative agency to grant that relief" (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991], citing CPLR 7803[1]). Instead, he relied on a rule applicable only to state court judges and did not allege any facts or submit exhibits tending to show that Cruz had a personal bias or knowledge of "disputed evidentiary facts" in his case, that any attorney at Cruz's former law firm served "as a lawyer concerning the matter" of the building's legalization or narrative statement process, or that Cruz had an economic interest "in the subject matter in controversy" in any legalization and narrative statement cases (see 22 NYCRR 100.3[E][1][a]-[c]). He otherwise failed to allege that Cruz prejudged "specific facts at issue in an adjudicatory proceeding" (Matter of 1616 Second Ave. Rest. v New York State Liq. Auth., 75 NY2d 158, 162 [1990]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024