Pearl St. Parking Assoc. LLC v City of Buffalo (2024 NY Slip Op 02451)

Pearl St. Parking Assoc. LLC v City of Buffalo

2024 NY Slip Op 02451

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

307 CA 23-00470

[*1]PEARL STREET PARKING ASSOCIATES LLC AND VIOLET REALTY, INC., PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
CITY OF BUFFALO AND BUFFALO CIVIC AUTO RAMPS, INC., DEFENDANTS-RESPONDENTS-APPELLANTS. 

GROSS SHUMAN P.C., BUFFALO (D. CHARLES ROBERTS, JR., OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.
BOND, SCHOENECK & KING, PLLC, BUFFALO (MITCHELL J. BANAS, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 

 Appeal and cross-appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered February 17, 2023. The order granted in part the motion of defendants to dismiss the first, second and fifth causes of action in the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion insofar as it sought dismissal of the first cause of action against defendant Buffalo Civic Auto Ramps, Inc. and reinstating the first cause of action to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action against defendants City of Buffalo (City) and Buffalo Civic Auto Ramps, Inc. (BCAR) asserting causes of action for breach of contract, waste, negligence, and conversion. Pursuant to an agreement (agreement) entered into between plaintiffs' predecessors and the City in 1965, plaintiffs' predecessors agreed to build commercial buildings and an underground parking facility (ramp) and then sell the ramp to the City upon completion. The agreement gave plaintiffs' predecessors a right of reversion after 30 years. If they exercised such right, the City would continue operation of the ramp for an additional 20 years, after which title to the ramp would be transferred. When the construction was complete in 1969, plaintiffs' predecessors and the City entered into a conveyance (conveyance) transferring title to the ramp to the City. In 1999, plaintiff Violet Realty, Inc. exercised its right of reversion, and plaintiffs obtained fee simple title to the ramp in July 2019.
Plaintiffs commenced this action in January 2020 alleging that the City had agreed to maintain the ramp during its period of ownership and failed to do so. Defendants moved pursuant to CPLR 3211 (a) (1), (5), and (7) or, alternatively, pursuant to CPLR 3212, to dismiss the first and second causes of action for breach of contract and the fifth cause of action for conversion in the amended complaint. Supreme Court granted defendants' motion in part by dismissing the first cause of action insofar as it is asserted against BCAR and dismissing the second cause of action in its entirety. Plaintiffs now appeal, and defendants cross-appeal.
Initially, we consider defendants' motion as one to dismiss only inasmuch as defendants had not yet answered the amended complaint at the time the court issued its order. The motion insofar as it sought summary judgment was therefore premature (see CPLR 3212 [a]; Gold Medal Packing v Rubin, 6 AD3d 1084, 1085 [4th Dept 2004]; see generally City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), we must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any [*2]cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Further, "[a] motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiffs'] claim[s]" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]).
Addressing first defendants' cross-appeal, we reject their contention that the court erred in denying their motion insofar as it sought dismissal of the first cause of action against the City, for breach of contract, to the extent that it alleges that the City failed to properly maintain and repair the ramp. "[A] contract must be construed in a manner which gives effect to each and every part, so as not to render any provision 'meaningless or without force or effect' " (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]). The conveyance gave the City the sole right to operate the ramp for 30 years, and for an additional 20 years if plaintiffs' predecessors exercised their right of reversion, and provided that during the period of its operation, the City "shall pay all costs of operation and maintenance" of the ramp. Defendants contend that the conveyance merely required them to pay for any maintenance of the ramp, not to actually undertake any maintenance in the first instance. We reject defendants' strained interpretation inasmuch as it would impermissibly render the relevant provision without force or effect (see generally id.).
We further reject defendants' contention that the court erred in denying their motion insofar as it sought to dismiss so much of the first cause of action against the City and the fifth cause of action, for conversion, seeking to recover damages based on defendants' failure to turn over certain personal property. The right of reversion in the agreement and conveyance gave plaintiffs' predecessors the right to acquire the ramp "and all equipment or property of every description used in its operation." Plaintiffs alleged that defendants failed to return all equipment or property used in the ramp's operation, in particular the parking revenue and control system (system), when defendants conveyed the ramp to them in 2019. Although defendants contend that plaintiffs already purchased their own system at the time the ramp was conveyed to them, there are questions of fact whether defendants' conduct prior thereto required plaintiffs to purchase the new system. We therefore conclude that the documentary evidence failed to "utterly refute[ ] plaintiff[s'] factual allegations" and thus did not "conclusively establish[ ] a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Town of Mexico v County of Oswego, 175 AD3d 876, 878 [4th Dept 2019]).
Addressing next plaintiffs' appeal, we agree with plaintiffs that the court erred in granting the motion insofar as it sought dismissal of the first cause of action against BCAR, and we therefore modify the order accordingly. An assignee of rights under a contract may be bound to perform the duties under that contract if the party expressly assumes to do so (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 402 [1957], rearg denied 3 NY2d 941 [1957]; Ivory Dev., LLC v Roe, 135 AD3d 1216, 1222 [3d Dept 2016]). During the period of the City's ownership of the ramp, the City and BCAR entered into various operating agreements pursuant to which BCAR agreed to operate and maintain the ramp in good repair. The operating agreements stated that they were "subject to the terms" of the conveyance, including the maintenance provisions. Specifically, the City "assign[ed] its rights under [the conveyance] regarding . . . operation of the . . . [r]amp . . . to BCAR" and BCAR "accept[ed] the responsibilities of the City under [the conveyance] with regard to operation and maintenance, and the cost of such operation and maintenance." Thus, contrary to defendants' contention, the documentary evidence does not refute plaintiffs' breach of contract claim in the first cause of action that, despite BCAR not being a signatory to the conveyance, it may be held liable as an assignee of the City (see Tantallon Austin Hotel, LLC v Wilmington Trust, N.A., 209 AD3d 513, 514 [1st Dept 2022]).
Contrary to plaintiffs' further contention, however, the court properly granted defendants' motion insofar as it sought dismissal of the second cause of action, for breach of contract on the basis that plaintiffs were third-party beneficiaries of the operating agreements between the City and BCAR. "[A] third party may sue as a beneficiary on a contract made for [its] benefit. However, an intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018] [internal quotation marks omitted]). Such intent is shown "when the third party is the only one who could [*3]recover for the breach of contract or when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party" (id. [internal quotation marks omitted]). Those circumstances do not apply here (see Matter of Columbus Monument Corp. v City of Syracuse, 218 AD3d 1184, 1188-1189 [4th Dept 2023]; Old Crompond Rd., LLC v County of Westchester, 201 AD3d 806, 808-809 [2d Dept 2022]), and we therefore agree with defendants that plaintiffs were merely incidental beneficiaries of the operating agreements between the City and BCAR (see Fields Enters. Inc. v Bristol Harbour Vil. Assn., Inc., 217 AD3d 1433, 1436 [4th Dept 2023]).
We have considered the parties' remaining contentions and conclude that they are without merit.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court